EMMA JAMES, *et al.*, v. HENRY DUNSTAN, *et al.*          <span style="float:right">38   289<br>, 60   576</span>

WILL—*Acts Not Constituting Election.* Where a widow did not consent in writing to the will of her husband, and did not appear in person in the probate court and elect to take under the will, but at the time the will was executed was present and expressed her satisfaction with its provisions, and after the death of the testator declared her intention to take under the will, and sent word by the executor named in the will to the probate court, that she would as soon as able come in and elect to accept its provisions, and no commission was requested and none issued to take her election thereunder, and the provisions of the will and her rights under the law were not explained to her, and ninety days after the death of her husband she died intestate, without having made her election to take under the will, *held,* that such acts and declarations do not constitute an election to take under the will.

### *Error from Riley District Court.*

EJECTMENT, by *Henry Dunstan* and three others, against *Emma James* and another, to recover possession of 120 acres of land in Riley county. Trial by the court, at the January Term, 1886. In addition to the facts found by the court, the evidence showed that on account of her ill-health the widow did not go to the probate court when the will was probated, but sent word by the executor named in the will that she would come in as soon as able, and that she desired to take under the will; that this communication was not in writing; that she was present at the time the will was executed, and expressed herself as satisfied with its provisions; that on the day of her death she directed and requested that the will be carried out, and that the property should at her death go to the persons named in the will by her husband. The court made the following conclusions of law:

"1. Said real estate descended to Elizabeth James, widow of and sole heir of John James, under the provisions of the law concerning descents and distributions.

"2. Upon the death of Elizabeth James said real estate descended to her next of kin under the law concerning descents and distributions.

19—38 KAS.

"3. The plaintiffs, Henry Dunstan, Jane Carrow, Mary Ann James, and Miriam E. Cappel, were, at the time of the commencement of this action, and now are, the owners of said real estate, and entitled to the immediate and exclusive possession thereof."

Thereupon the court rendered judgment for the plaintiffs for the possession of the premises. The defendants bring the case here for review.

*Sam. Kimble,* for plaintiffs in error.

*Green & Hessin,* for defendants in error.

Opinion by CLOGSTON, C.: Two questions are raised by the record in this case: First, did Elizabeth James, by her acquiescence and verbal declarations, so accept the provisions of the will as to make it binding upon her heirs? Second, if so, did the will convey to Emma James the property at the death of Elizabeth James? But as a decision on the first proposition is decisive of this case, we shall not consider the second. Our statute in relation to probating wills and the election of the widow to take thereunder specifically points out the course to be pursued, and a substantial compliance therewith must be made in order to make an election to take under the will binding. In this case it is conceded that no such election was made as is pointed out by statute, and that the widow did not consent in writing to the will. Section 41 of chapter 117, Comp. Laws of 1885, provides that if any provision is made in the will for the widow, and she has not consented thereto in writing, the probate court shall issue a citation to her to appear and make her election, and this election shall be made within thirty days of such citation. Section 42 provides that such election of the widow shall be made by her in person, before the probate court, except in case of sickness, and that the court shall make known to her the provisions of the will and her rights under the law; and if no election is made, that she shall retain her share of the estate under the law, as if her husband had died intestate. Section 43 provides that in case the widow shall be unable to appear in the probate court on account of

sickness or ill-health, it shall be the duty of the probate court on application made on her behalf, to issue a commission, with a copy of the will annexed, to some suitable person to take her election, which person must explain to her her rights under the will and under the law. Nothing was done looking .toward an election as is contemplated by these sections, and nothing was done by her in regard to the property that would have estopped her, had she been cited as the law requires, from making her election to take under the will. The time had expired in which to make her election, and yet no request was made by her for a commission to take such election; no request to the court in writing was made that she desired to take under the will.

Counsel for plaintiffs in error insists that *Sill v. Sill*, 31 Kas. 248, is decisive of this case. In this claim we think counsel is mistaken. In that case something was done by the widow toward claiming under the will; a person was appointed to draw up her request, which was signed by her. This appointment, it is true, was irregular, and perhaps also the manner of its execution; but it was an attempt to comply with the statute, and the court held in that case that it was not sufficient to make an election. In this case nothing but a verbal message from the widow to the probate court was given, and it was not shown that she knew what her rights were under the law. It is perhaps true in this case, that her rights under the law were substantially the same as under the will, but no presumptions can be indulged in as to her knowledge of this fact.

In *Stilley v. Folger*, 14 Ohio, 610, the court said:

"The property mentioned in the agreement, and devised by the will, was received by Mrs. Folger within the time limited to make an election. This was not denied. It was in fact taken very soon after the dissolution of her husband, and in hot haste, though the evidence leaves the fact perfectly clear that his eyes were fully closed before she either seized the property or even announced her intention to break the will. Such an act, however, is not an election, nor can it be proved in this way. An election must be made known to the court

of common pleas of the proper county, and the record, unless lost or destroyed, is the only evidence by which it can be established, because it is the best proof of which the nature of the case admits."

Also in *Millikin v. Welliver*, 37 Ohio St. 460, it was said:

"It is believed no case can be found where the facts are held sufficient to amount to an election to waive the widow's rights under the law, unless they are of such a marked character and of such long duration as will clearly and distinctly evince a purpose to take the provisions of the will, and to operate as an effectual equitable bar to dower."

The widow must therefore be deemed to have failed to make her election to take under the will. The law provides in such a case that the widow shall take such share of the husband's estate as she would have been entitled to had he died intestate; and as he left no issue, under the law the widow would take his entire property, both real and personal; and as she died intestate, the plaintiffs (defendants in error) became the owners of the property in controversy, and are entitled to its possession.

We therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.