ALFRED COOK v. PERRY LAWSON *et al.*

No. 12,275.    (66 Pac. 1028.)

1. WILLS— *Oral Consent of Wife.* While consent to a will, orally made at the time of its execution, is not binding, yet the fact of such consent is admissible in evidence as tending to show the wife's subsequent attitude of mind toward the will.

2. ———— *Knowledge of Legal Rights.* Express proof of a widow's knowledge of her rights under the statute is not always necessary, as knowledge on her part may be inferred from her acts and declarations, and from the long failure to dissent from the provisions of the will.

Cook v. Lawson.

Error from Cowley district court ; W. T. McBride, judge. Opinion filed December 7, 1901. Division one. Affirmed.

*G. H. Buckman*, for plaintiff in error.
*Hackney & Lafferty*, for defendants in error.

*Per Curiam :* Edward M. Lawson died after having executed a will, in which he devised to his wife, Elizabeth, a life-estate in their homestead, which stood in his name, and a life-interest in his personal property, with remainder to their children, Perry and Mary. The widow remarried and afterward died, leaving as survivors her second husband and her children by the former marriage. The husband claimed an interest in the land and brought partition. The grounds of his claim were that the statute gave his wife one-half the property of the former husband ; that she could not be deprived of such share except by consent to the will or an election to take under it, and that she had neither consented nor elected. Judgment went against him in the court below, and he prosecutes error.

In *Reville v. Dubach*, 60 Kan. 572, 57 Pac. 522, it was held that the election of a widow to take under the will of her deceased husband need not be made under the statutory forms, but might be evidenced by acts *in pais*. What acts and declarations on the part of the widow would constitute sufficient evidence of an election were not enumerated, but it was held that certain acts and declarations constituted some evidence of an election, and should have been received and considered as such. In the present case the acts and declarations held to be sufficient evidence of an election to take under the will were of the general

character of those which in *Reville v. Dubach*, supra, were held to be competent as evidence of the election. In this case the husband, when drafting his will, was about to insert a clause limiting the wife to an estate in the land while she remained his widow; but she requested that it be enlarged to a full life-estate, which was accordingly done, and in that form she expressed herself as satisfied with the provision made. She was nominated in the will as an executor, in conjunction with one of the neighbors. After the death of her husband she took the will to the probate judge's office and in writing proposed it for probate. She renounced her right to serve as executrix, but asked that her coexecutor be made the sole executor. Several times thereafter she stated to neighbors that she knew the provisions made for her in the will and expressed herself as satisfied with them. She continuously resided on the land from the death of her first husband until her own death, nearly twenty years afterward.

It is claimed that some of her acts and declarations were inadmissible as evidence because occurring or made after a homestead right of occupancy of the land had become vested in her second husband. We think they were in continuation of previous acts and declarations of the same general character, occurring or made before the homestead right accrued, and threw light on her previously existing state of mind. Her consent to the will, orally made at the time it was written, of course, was not binding, but the fact of such consent was admissible in evidence as tending to show her subsequent attitude of mind toward the will. All that was lacking satisfactorily to prove an election *in pais* was evidence of the widow's knowledge of her rights under the statute. We do not

think, however, that it was necessary to make express proof of that fact. Knowledge on her part was inferable from her acts and from her declarations of satisfaction with the provisions made for her, and from her twenty years' failure to dissent from them. It was fair to infer that during that long period she learned what her rights were under the law.

None of the evidence admitted on the trial was erroneously received. From it the court below determined there was an election, intelligently made, to take under the will. We approve such determination, and the judgment is therefore affirmed.

Doster, C.J., Johnston, Smith, Ellis, JJ,