ELIZA WILLIAMS, *Appellant*, V. MELISSA CAMPBELL
*et al., Appellees.*

No. 16,844.

SYLLABUS BY THE COURT.

1. WILLS—*Devise by Husband of all His Property—When In-valid.* A husband can not devise or bequeath away from his wife more than one-half of his property without her consent, and a will purporting to give the whole of his lands to persons other than his wife, when her consent has not been given, will not operate to transfer or affect the half interest to which she is entitled.

2. ———— *Law Makes Election when Widow Fails to Elect.* A widow may elect whether she will accept the provisions made for her in a will executed by her husband or take what she is entitled to under the statute of descents and distributions, but if she fails to make an election the law makes one for her, and, therefore, her failure amounts to an election to take the share she would have taken if her husband had died intestate.

3. ———— *Failure of Widow to Contest or Elect—Limitation of Actions.* In such a case the fact that she did not contest the will within the period allowed for contest in sections 19 and 20 of the act relating to wills (Gen. Stat. 1909, §§ 9795, 9796), and the further fact that she did not elect whether she would take under the will or under the statute, will not bar or preclude her from claiming and defending her interest and share in her husband's property.

Appeal from Atchison district court. Opinion on rehearing, filed November 11, 1911. Judgment of reversal affirmed. (For original opinion, see 84 Kan. 46, 113 Pac. 800.)

*B. F. Hudson,* for the appellant.

*B. P. Waggener,* and *J. M. Challis,* for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: The contentions that the appellant was barred by the statute of limitation and estopped by her conduct and inaction from asserting a claim of title to the land involved here, although raised, was not

discussed in the first opinion, and for that reason a rehearing was granted.

These questions are to be determined on the pleadings as they now stand. In the cross-petition appellees alleged that they were the owners in fee simple of the land through the will of Edwin R. Brown, who died a widower in 1883, and that of his daughter, Mary Brown, who died in 1909; that, after the death of her father, Mary Brown had occupied and improved the land for more than twenty years and during that time appellant had made no claim of title or interest in it. There was an allegation that provision was made for appellant in the will of Edwin R. Brown, in which she was described as a servant of his, and that in accordance with that provision they had given appellant clothing, provisions, and money, which she accepted. It was also averred that appellant knew of the provisions of the will of Edwin R. Brown, had acquiesced in them, and was therefore barred and estopped from claiming any interest in the land. Some other facts were set out as shown in the first opinion (*Williams v. Campbell,* 84 Kan. 46, 113 Pac. 800), and it was added that appellant was now claiming some interest in the lands and appellees asked that their title be quieted as against appellant.

Her pleading, designated as a reply, contained a denial of appellees' averments, an allegation that Mary Brown knew that appellant and Edwin R. Brown had lived together as husband and wife and that she had borne him four children, and that Mary Brown had always acknowledged that appellant had a wife's interest in the land, and had occupied it as a cotenant of Mary Brown. In explanation of the fact that no partition of the land had been previously asked for, appellant alleged that Mary Brown had induced her to withhold action on the promise that she would see that appellant's rights in the property were secured to her,

and, further, that her right to the possession of the land as a cotenant of Mary Brown had never been denied.

The contention of appellees is that as the will in which Edwin R. Brown described himself as a widower was probated in 1887, a fact which appellant was bound to know, and that as she did not contest the validity of the will within two years, she was barred from claiming that the whole estate was not transferred by the will. The statute as it then existed provided:

"If no person interested shall within two years after probate appear and contest the validity of the will, the probate shall be forever binding, saving, however, to persons under legal disability the like period after the disability is removed." ( Gen. Stat. 1868, ch. 117, § 19, Gen. Stat. 1901, § 7956.)

By an amendment of this section the legislature in 1907 extended the limitation for contesting wills to three years. (Laws 1907, ch. 429, § 1, Gen. Stat. 1909, § 9795.)

In another section, prescribing the mode of contesting a will, it was provided that such an "action may be brought at any time within two years after the probate of the will, and not afterwards, by any person interested in the will or estate of the deceased." (Gen. Stat. 1868, ch. 117, § 20, Gen. Stat. 1901, § 7957; see, also, Laws 1907, ch. 429, § 2, Gen. Stat. 1909, § 9796.) Now it is argued that as the probate of the will was *prima facie* evidence of the due execution and validity of the will it devolved on any one interested in the will to contest its validity within the time prescribed by the statute. Assuming that appellant was the wife of the testator, what occasion was there for her to contest his will? It was duly attested and in proper form and there was no claim but what the testator was of sound mind and memory and was free from restraint when it was executed. If a will is in due form and is executed without restraint by one who has testamentary

capacity no grounds for contesting the will exist. The will in question, therefore, may be deemed to be valid, but it could only affect or transfer such property as was within the power of the testator to devise or bequeath. Under the law a husband can not devise or bequeath away from his wife more than one-half of his property unless the wife has given a writing duly executed consenting to such devise or bequest. (Gen. Stat. 1868, ch. 117, § 35, Gen. Stat. 1909, § 9811.) It is argued that the statute providing for an election by the widow whether she will take what is given her in a will made by her husband or take the share given by the law required some action on her part, and that failing to take action within due time she is barred from claiming any interest in the estate. The statute provides that:

"If any provision be made for a widow in the will of her husband, and she shall not have consented thereto in writing, it shall be the duty of the probate court, forthwith, after the probate of such will, to issue a citation to said widow to appear and make her election, whether she will accept such provision or take what she is entitled to under the provisions of the law concerning descents and distributions, and said election shall be made within thirty days after the service of the citation aforesaid; but she shall not be entitled to both." (Gen. Stat. 1868, ch. 117, § 41, Gen. Stat. 1909, § 9818.)

"The election of the widow to take under the will shall be made by her in person in the probate court of the proper county, except as hereinafter provided; and on the application by her to take under the will, it shall be the duty of the court to explain to her the provisions of the will, her rights under it, and also her rights under the law, in the event of her refusal to take under the will. The election of the widow to take under the will shall be entered upon the minutes of the court; and if the widow shall fail to make such election, she shall retain her share of the real and personal estate of her husband as she would be entitled to by law in case her husband had died intestate. If she elects to take under the will, she shall not be entitled to the provisions of the law for her benefit, but shall take under

Williams v. Campbell.

the will alone." (Gen. Stat. 1868, ch. 117, § 42, Gen. Stat. 1909, § 9819.)

It appears that no citation was issued by the probate court to appellant to appear and make an election and no steps toward an election were taken by her. However, if she was the wife of the testator, as she alleges, an election was made for her. The statute quoted provides that if the widow fails to elect she shall take the share she would have taken under the law if her husband had made no will. A failure to make an election is, therefore, the equivalent of an election to take the share that would have descended to her if the testator had died intestate. It was not, therefore, incumbent on her to contest the will, and it can not be held that she is barred by her mere failure to make a formal election which the law has made for her.

It is contended that she is estopped to say that no election was made or to claim a share under the law, and in the answer and cross-petition of the appellee facts are stated which strongly tend to support that contention. These averments are denied by appellant, and an excuse for delay in asking the setting apart of her share of the estate is pleaded. If appellant, with full knowledge of her rights under the will, accepted benefits and received property provided for her by that instrument she will be estopped to deny that she had made an election or to claim the share which a wife takes under the law where the husband dies intestate. (*Reville v. Dubach*, 60 Kan. 572, 57 Pac. 522; *Medill v. Snyder*, 61 Kan. 15, 58 Pac. 962.) This, like the claim of wifehood, is a contested question of fact to be settled upon the evidence in the trial of the case.

It can not be held upon the pleadings that appellant is barred or estopped to claim an interest in the land involved here or to defend against the action of appellees in seeking to have their title to the land quieted as against her.

The judgment of reversal will therefore stand.