ELIZABETH WEISNER, *Appellee*, v. WILLIAM WEISNER, as Executor, etc., et al., *Appellants*, and JESSIE WEISNER et al., Minors, etc., *Appellees*.

No. 18,076.

#### SYLLABUS BY THE COURT.

1. WILLS — *Election by Widow — Written Consent by Wife — Duty of Court.* In case of an election by a widow to take under the will of her deceased husband it is essential that the probate court explain to her its provisions and her rights under it and also her rights under the law in the event of her refusal to take under the will. But in case of a written consent by her that the husband dispose of more than one-half of his property to others than his wife it is only essential that she act freely and understandingly.

2. WILLS—*Written Consent by Wife—Improperly Obtained—Set Aside.* When a widow promptly takes steps to have her written consent to the will of her deceased husband set aside, and the court upon sufficient testimony finds that she did not understand its effect upon her property rights and acted under the strong persuasion and implied threat of her husband in his last sickness so that such consent was not given freely and understandingly, *held*, that such finding and determination will not be disturbed.

Appeal from Riley district court. Opinion filed April 12, 1913. Affirmed.

*R. P. Evans,* and *R. J. Brock,* both of Manhattan, for the appellants.

*John E. Hessin,* and *John Clarke Hessin,* both of Manhattan, for the appellees.

The opinion of the court was delivered by

WEST, J.: Elizabeth Weisner brought this action August 23, 1911, to set aside a written consent to the will of her husband executed June 8, 1911. The parties had been married twenty-five years and had raised a family of children. The husband had been sick for some months and about six weeks prior to his death was taken to a hospital, and while there he called upon an attorney to consult with him with reference to making a will. A will was prepared and brought to the hospital and read to the husband and wife by the attorney, the wife making no objections to its provisions except the one naming an executor to which she at first objected, but after conversing with her husband she acquiesced and the will was signed in her presence by her husband and witnessed by the attorney and the nurse. She also signed a written consent indorsed on the will in which it was stated that having been duly informed of her legal rights to an interest in the property of her husband, and having read the will and being acquainted with the contents thereof, she consented to the same, thereby waiving her property rights under the statute as the wife of George Weisner. After hearing all the evidence, which was conflicting, the trial court decided in favor of the plaintiff. In the decision of the question the court, among other things, said:

"If she intelligently consented to it then she has no right to complain, but if she did n't consent to it, that is, legally consent to it, then she has still her right to consider, to know and to decide. The evidence discloses in connection with this, too, a very pertinent

23—89 KAN.

fact, there is n't anything to suggest in the evidence but that there was the utmost harmony between the husband and wife. Under the circumstances in which she was placed it ought not to be said, it seems to me, that a wife was in that position to have given the intelligent and the considerate judgment to her rights as to properly protect her rights."

This view was based on the proposition that it was stated to her that she would remain in the same relationship to the property as though another than the one chosen was executor or the same as if she were executor; that when she first declined to sign the will the husband wept and exhibited strong feeling, which wrought upon the emotions of the wife, and that an intimation was made that if she did not consent another will less advantageous to her might be made, that she then consented, and it was said:

"It is under such conditions that this alleged consent was executed, and my judgment and finding in this case is that the applicant, or petitioner in this case, has not executed in writing the consent of the character contemplated by the law, and the judgment is that it be set aside, and that the Probate Court of this County be directed and requested to afford her an opportunity to exercise her election as provided by the statutes on full and fair consideration and with the information that the law directs the Probate Court to give her, whether or not she desires to accept the provisions of this will, or stand upon her rights under the law."

The plaintiff contends that the same rules apply as in case of an election. The defendant insists that the statutes do not require that the person consenting to the provisions of a will shall have its provisions explained or his rights under it or under the law, and that if the consent be intelligently given with fair knowledge of the contents of the instrument the person consenting is bound thereby. Two questions are involved: (1) In order to make the consent binding is it necessary that the person consenting be advised and informed as in

case of an election?   (2)   Was the plaintiff in this case so advised and informed and were all the circumstances such as to make her consent binding?

The statute as to election requires the probate court "to explain to her the provisions of the will, her rights under it, and also her rights under the law, in the event of her refusal to take under the will." (Gen. Stat. 1909, § 9819.)   The manifest object of this require- ment is to apprise the widow fully and understandingly as to her rights touching her late husband's property under the will and under the law.   Her election is dif- ferent from an ordinary contract, wherein parties are supposed to look after their own interests and must be bound by their agreements entered into with fair op- portunity to know what they are doing.   But even after an election it has been held that the widow may not have it set aside unless it is satisfactorily shown that she did not act voluntarily and knowingly.   (*Buchanan v. Gibbs*, 26 Kan. 277.)   But it has also been held that acts sought to be held as equivalent to an election must be such as show a full knowledge of all the circum- stances and of her rights and that by plain and un- equivocal conduct she showed her intention to take under the will.   (*Sill v. Sill*, 31 Kan. 248, 1 Pac. 556; *James v. Dunstan*, 38 Kan. 289, 16 Pac. 459; *Reville v. Dubach*, 60 Kan. 572, 57 Pac. 522; *Cook v. Lawson*, 63 Kan. 854, 66 Pac. 1028.)

The statute concerning consent provides that either husband or wife "may consent in writing, executed in the presence of two witnesses, that the other may be- queath more than one-half of his or her property from the one so consenting." (Gen. Stat. 1909, § 9811.) This has not been regarded with the same strictness as the matter of election.   The form of the writing is not important if it sufficiently shows that the one consenting agrees to accept the provision made in the will in place of the share given by statute.   (*Jack v. Hooker*, 71 Kan. 652, 81 Pac. 203.)   Neither is

it essential that the will in fact make any provision for the one so consenting. (*Hanson v. Hanson,* 81 Kan. 305, 308, 105 Pac. 444.) Such consent can not be repudiated because of a subsequent discovery that the estate was larger than the consenting spouse anticipated, her rights having been fully explained and understood when the consent was given. (*Pirtle v. Pirtle,* 84 Kan. 782, 115 Pac. 543.) The written consent need not specify the property to be devised or bequeathed, and need not designate the will to which it applies. (*Keeler v. Lauer,* 73 Kan. 388, 85 Pac. 541.) The consent may be given any time during the life of the testator. (*Gallon v. Haas,* 67 Kan. 225, 72 Pac. 770.)

Nevertheless it can not be that the legislature intended that a wife, under the stress of expected widowhood and actuated by a desire to please her husband who on his deathbed expresses with tears his intense desire for her to consent to the terms of a will presented to her without previous warning or consideration, should be held bound by such consent when it fairly appears that she did not understand its effect upon her property rights, and acted under the strong persuasions and implied threat of her husband in his last sickness, and especially so when she moves promptly for revocation before others' interests become involved.

A reading of the cold, unimpassioned record discloses fair ground for holding either way. But the trial court, who saw and heard the witnesses, felt convinced that consent was not given freely and understandingly. Counsel for the appellants concede that "it is true, probably, that to intelligently consent to the will it is necessary that one so consenting should have a fair knowledge of the contents thereof."

In view of the entire evidence we can not say that the finding and conclusions are unsupported, and the judgment is therefore affirmed.