Larned v. Larned.

---

No. 20,225.

EDNA R. W. LARNED, *Appellee,* v. WILLIAM A. LARNED et al., *Appellants.*

### SYLLABUS BY THE COURT.

1. WILL—*Nonresident—Lands in Several States Given to Widow—Construction of Will—Rights of Widow—Election.* In a will a testator domiciled in New Jersey disposed of real estate in Kansas as well as that situated in four other states. Under the statutes of three of the states the wife of a deceased husband is entitled to dower or a life interest in a third of his real estate. In another state she is entitled to a fee of a third of the land, while under the statutes of Kansas she takes an undivided half interest in the land, unless she consents in writing to take a smaller or different share. The testator disposed of a large estate, devising and bequeathing to his wife a tract of land in New Jersey, five thousand dollars in cash and one hundred volumes of books, and he then added the provision: "I confirm to her, her right to dower in all the real estate of which I shall die seized." He also confirmed her right to the income from a trust fund previously created, and after making a number of small bequests, he gave the residue of his estate to his children. A law of New Jersey in effect provides that if land be devised to a wife without expressing whether or not it is intended to be in lieu or bar of dower, she shall not be entitled to dower in the devised lands unless she shall, within six months after the probate of the will, express her dissent to receiving the lands devised. *Held,* that this statutory provision did not apply to the will in question since it provided that the wife should have dower or a widow's share in addition to the real estate devised to her.

2. SAME—"*Confirm*" *as Used in Will Construed.* The term "confirm" employed by the testator implies that his wife had a right in the real estate independent of his action and that his purpose was to recognize and ratify that right by confirmation.

3. SAME — *Land in Several States — Widow's Bequest — Intention of Testator.* The provision of the will confirming her right to dower in his real estate in the several states is fairly open to the interpretation that he intended to give her the share of the land situate in each state which the law of that state gives to the wife of a deceased husband.

4. SAME—*Bequest of Kansas Land—Controlled by Kansas Laws.* While we may look to the law of the domicile of the testator to ascertain his intention and the sense in which the words of a will are used, it can not be so applied as to contravene the law of this state, where the land is situate and which controls the devolution of title to land on the death of the owner.

5. SAME—*Election by Widow.* The acts relied on as constituting an election of a widow to take under a will must be clear, positive and unequivocal, evincing an intention to elect, and it must be done with full knowledge of all the essential facts and circumstances as well as of her legal rights.

6. SAME—*Bequest of Kansas Land to Widow—Takes Undivided One-half Interest Therein.* Under the circumstances of the case it can not be held that the widow consented or elected to take less than an undivided half interest in the land in Kansas, because she accepted the income from the land situate in other states, nor because of the institution of this action for partition, nor yet by reason of a letter to her own attorney to the effect that her husband might have given her a smaller share if he had understood the Kansas law, and that she would be satisfied to receive the share he intended for her to have.

Appeal from Atchison district court; WILLIAM A. JACKSON, judge. Opinion filed June 10, 1916. Affirmed.

*W. P. Waggener,* and *J. M. Challiss,* both of Atchison, for the appellants.

*Z. E. Jackson,* of Atchison, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Edna R. W. Larned to recover an undivided half of lands situated in Atchison county and her share of the rents and profits accruing since the death of her husband, William Z. Larned, who died on March 30, 1911, in the city of Summit, N. J., which was his place of residence. The plaintiff is also a resident of that place and has never resided in Kansas. The defendants, William A. Larned, Edward P. Larned and Elizabeth MacCarthy, are the children of William Z. Larned by a former wife and, together

with the plaintiff, are his only heirs at law. William Z. Larned left a will which he had executed in his own writing on January 11, 1911, and which was duly admitted to probate in Union county, New Jersey, an authenticated copy of the same being afterward recorded in Atchison county, Kansas. His three children, defendants herein, were named as executors of the will. William Z. Larned had been a practicing lawyer in the city of New York and at the time of his death was possessed of personal property amounting to $200,000, more than enough to pay all debts, expenses and specific legacies, and real estate of the aggregate value of $339,000, situated in New York, New Jersey, Montana, Minnesota and Kansas. The Kansas land was valued at $51,000. The provisions in the will for the plaintiff were (1) a devise of a plot of land in the city of Summit, N. J., conceded to be worth about $5000; (2) a bequest of $5000 in cash; (3) one hundred volumes from the decedent's library; (4) a clause reading: "I confirm to her, her right to dower in all the real estate of which I shall die seized"; and (5) a clause confirming her right to certain trust funds previously given, yielding an income of $1500 per annum. The case was tried upon an agreed statement of facts, and among others, the law of New Jersey with reference to the widow's dower right was set forth. It also contained a provision of the New Jersey law that where a husband devises land to his wife without expressing whether or not the devise is in lieu or bar of dower, the widow shall not be entitled to dower in any lands devised by the husband unless she shall express in writing her dissent to receive the lands devised to her in satisfaction and bar of her right of dower in other lands devised by the will, and that the dissent shall be filed within six months after the probate of the will, either in her own county or that in which the land is situated, and in that case she shall be considered as renouncing the benefit of the devise to her. It was conceded that the plaintiff had never relinquished by deed her right of dower in the New Jersey land and that she did not file any dissent to receive the lands devised to her. It was also conceded that the plaintiff had not accepted the legacy of $5000, nor the bequest of the books, nor the specific devise of the New Jersey land.

It appears that shortly after her husband's death the plain-

tiff in a letter to her own attorney stated in effect that she believed her husband supposed that the widow's share was the same in Kansas as in New Jersey and that she was satisfied to take what he intended she should have, and, further, she thought the executors ought to give her the specific bequest and the third interest in the other real estate. She expressed her belief that if her husband had known that she was to have a half of the Kansas land he would not have left the legacy to her. The contents of this letter were brought to the attention of the defendants shortly after it was written. The court gave judgment for the plaintiff, deciding that she was entitled to an undivided half of the Kansas land, and in his conclusions of law stated that the plaintiff had not made any election to take under the law or under the will and that she was not required to make such an election.

The defendants appeal and contend that the plaintiff by her acts had accepted the terms of the will and thus cut off dower, or her interest in other lands devised, and that if the testator intended that she should have any right in the Kansas land it could be no more than a life interest in a third of it, as provided in the New Jersey law of dower. The descent, alienation or transfer of real property in Kansas is exclusively governed by the laws of Kansas. Under the Kansas statute Larned could not, without his wife's consent, devise to other than his wife more than a half of his Kansas property, and an attempt to will to others more than a half would have been inoperative as to her. (Gen. Stat. 1909, § 9811; *Comstock v. Adams,* 23 Kan. 513, 33 Am. Rep. 191; Ashelford v. Chapman, 81 Kan. 312, 105 Pac. 534; *Williams v. Campbell,* 85 Kan. 631, 118 Pac. 1074.) The plaintiff is therefore entitled to a half of the property involved in this proceeding, unless she has consented to take the less quantity or a share other than that given to her by the local law.

It is contended that she should be deemed to have elected to take under the will, because of her acceptance of benefits provided by the will, as well as by the bringing of this action. The testator and his wife resided in New Jersey when the will was made and when he died. The general rule is that in interpreting a will the courts will look to the law of the testator's domicile for the purpose of ascertaining his intention unless it

appears that he had the law of another jurisdiction in mind, or unless the law of the domicile will contravene the local law. (*Keith v. Eaton,* 58 Kan. 732, 51 Pac. 271; 40 Cyc. 1382.) A provision of the New Jersey law, as we have seen, is that if land be devised to a wife without expressing whether or not it is intended to be in lieu or bar of dower she shall not be entitled to dower in any of the devised lands unless within six months after the probate of the will she shall in writing express her dissent to receiving the lands devised. (2 Comp. Stat. N. J. 1911, p. 2048.) The will in question does not come within that provision, since it can not be said that real property was devised by the testator without expressing whether or not it was intended to be in lieu or bar of dower. The recitals of the will make it reasonably clear that the New Jersey land was not devised in lieu or bar of dower. After devising the plot of ground in New Jersey to his wife, the testator says: "I confirm to her, her right to dower in all the real estate of which I shall die seized." Manifestly it was his intention to give his wife the New Jersey land, which was only worth $5000, in addition to dower or widow's share. Among the agreed facts it is stated that the plaintiff has never accepted the specific devise of the New Jersey land, nor the legacy of $5000 mentioned in the will, nor the bequest of a hundred volumes of books, which it is agreed do not exceed the value of $250. Her inaction in this respect does not indicate consent or election, and she was not required to make an election under the law. In fact there is nothing in the will inconsistent with the claim of the plaintiff that she is entitled to a half interest in the Kansas land.

Instead of the ordinary words of devise used in outright gifts, the testator recognized that plaintiff was entitled to the wife's share in the lands owned by him, and so he confirms her right instead of giving or transferring one to her. He was a practical lawyer, with investments in several of the states, and it is fair to assume that he knew that the devolution of land on the death of the owner was governed solely by the laws of the state where the land was situated. The laws of the several states in which his lands were situated differed materially, and this undoubtedly was well known to him. Instead, therefore, of undertaking to devise and bequeath a par-

ticular share of the land lying in the states of Kansas, New York, New Jersey, Minnesota and Montana, he proceeded on the theory that the laws of each state gave his wife a certain share which he denominated dower, and so he confirmed or ratified the rights which such laws gave. A definition of the word "confirm" is, to make firmer, to strengthen, sanction or ratify. The confirmation of a title imports an existing title. In order to confirm an estate there must be a previous estate on which it is to operate. (*Biddle Boggs v. Merced Mining Co.*, 14 Cal. 279; *Jackson v. Root*, 18 Johns. [N. Y.] 60; 2 Words & Phrases, p. 1425.)

In *The People v. Law*, 34 Barb. (N. Y.) 494, 22 How. Prac. 109, it was said that " 'confirmation is the approbation or consent to an estate already created, which, as far as it is in the confirming power, makes it good and valid.' " (p. 511. See, also, *Fauntleroy's Heirs v. Dunn*, 42 Ky. 594; *Langdeau v. Hanes*, 88 U. S. 521, 22 L. Ed. 606.)

Evidently the testator intended to schedule all of his property in the will and to have it show that a complete disposition of the entire estate had been made. Under the law, whether he.willed it or not, she had a right to a use for life in a third of the lands in New York, New Jersey and Montana, to a third in fee of the land in Minnesota, and to a fee in a half of the land in Kansas. He included all his lands in the will giving that which he could legally give and ratifying and making firmer so far as he could that which the law gave to his wife. It is argued that dower is a technical term and is presumed to have been used by the testator in a technical sense. Further it is insisted that the meaning given to the term in New Jersey, the domicile of the testator, is probably the one that was in his mind and that therefore we may properly look to the law of that state to ascertain his intention. *Keith v. Eaton*, supra, is cited as authority to sustain this view, but while that case sanctions a reference to the law of the domicile to ascertain the sense in which the words of a will are used, that interpretation can not be applied when it will contravene the law of the state where the will is offered for record and probate. The law of the domicile and the effect given to its provisions by the courts of that jurisdiction may be examined to aid in finding the intention of the testator, but when it comes to the dis-

position of real property the law of the place where the property is situated must control. To apply the New Jersey rule would contravene the law of Kansas and under the rule of *Keith v. Eaton,* 58 Kan. 732, 51 Pac. 271, that application can not be made. In many cases the word "dower" is used in its popular rather than its technical sense. While the estate of dower was abolished many years ago, this term is still frequently used to designate the interest in the estate of the husband which the law gives to the wife. An apt single word has not been coined to designate the interest which the widow takes in the estate of the deceased husband, and lawyers as well as laymen often speak of that interest as "dower." It is so used by courts of other states as well as our own. The supreme court of Iowa in speaking of the interest of a widow said:

"While the statute abolishes the estate of dower, and the interest in the lands of the deceased husband given by law to the widow is designated by other terms used in the statute, the profession continues to use the word 'dower' to designate such interest, doubtless finding it convenient in describing the estate of the wife in the lands of her deceased husband. No confusion or misunderstanding arises from the use of the word, the profession understanding its meaning in accord with the estate prescribed by the statute." (*Daugherty v. Daugherty et al.,* 69 Iowa, 677, 678, 29 N. W. 778.)

See, also, *Mock v. Watson,* 41 Iowa, 241; *Estate of John Barry, deceased,* 13 Phila. [Po.] 310; *The State of Missouri v. Evers et al.,* 49 Mo. 542; *O'Brien v. Ash,* 169 Mo. 283, 69 S. W. 8; *Durbin et al. v. Redman et al.,* 140 Ind. 694, 40 N. E. 133.)

As the plaintiff would have taken the same interest under the law as under the will, her acceptance of the income of the lands in the several states can not be regarded as an election to take under the will rather than under the law. Neither can the bringing of the action to recover her share in the Kansas land be regarded as an election to take under the will. Although she stated at length the extent of the estate, the execution and contents of the will, and the laws of the respective states where the property was situate, she also alleged that under the law as well as under the will she was entitled to an undivided half of the Kansas land. Apart from the fact that the plaintiff's claim was not inconsistent with the will, it has been held that if a devisee in his pleading claims both under and against the

will, it does not amount to an election and a waiver of his right to make it. (*Bebout v. Quick,* 81 Ohio St. 196, 90 N. E. 162. See, also, *Cobb v. Macfarland,* 87 Neb. 408, 127 N. W. 377; *Lohmeyer v. Durbin,* 213 Ill. 498, 72 N. E. 1118.) Nor does the letter to her attorney expressing her opinion as to the intention of her husband when he made the will, or of the law and her right under it, constitute an election. The acts relied on as constituting an election must be clear, positive and unequivocal, evincing an intention to elect and it must be done with full information of all the essential facts and circumstances as well as of her legal rights. (*Sill v. Sill,* 31 Kan. 248; 1 Pac. 556; *James v. Dunstan,* 38 Kan. 289, 16 Pac. 459, 5 Am. St. Rep. 741; *Reville v. Dubach,* 60 Kan. 572, 57 Pac. 522; *Weisner v. Weisner,* 89 Kan. 352, 131 Pac. 608.) A mere intention to elect or a statement that one was contemplating an election would not constitute an election. Statements of the widow to third persons of a purpose to take under the will do not conclude her, nor will loose statements of such purpose to interested parties operate as an election. (*English v. Ex'rs of English,* 3 N. J. Eq. 504, 29 Am. Dec. 730; *Wilson v. Thornbury,* 10 Ch. App. Cas. 239.) The letter of the plaintiff herein was not made to be filed or used in court. It was not made to the executors nor to any one who had an interest in the estate, but was made in a confidential way to her own attorney. If an election were material in determining this controversy, the letter could not be treated as an election nor would it estop her to claim the share in the Kansas real estate to which the widow is entitled under the statute.

Under the testimony the court was justified in holding that the plaintiff was the owner of an undivided half of the Kansas real estate and its judgment is affirmed.