Carlyle v. Pee.

No. 27,996.

·L. W. CARLYLE, *Appellant*, v. KATIE PEE et al., *Appellees*.

(265 Pac. 1113.)

SYLLABUS BY THE COURT.

1. WILLS—*Election—Acceptance of Benefits.* Rule followed that one who proceeds as though an election had been made to take under a will and who accepts benefits thereunder will be held to have made such an election.

2. SAME—*Construction—Rights of Beneficiary of Life Estate.* A beneficiary entitled to a life estate under the provisions of a will may not destroy the rights of a remainderman by disposing of the property by gift or devise.

3. DEEDS—*Consideration—Evidence.* In an action involving the interpretation of a will and the validity to certain deeds executed by a beneficiary thereunder, the evidence considered and held sufficient to support a finding that there was no consideration for the deeds in question.

4. APPEAL AND ERROR—*Review of Evidence—Necessity of Presentation on Motion for New Trial.* Rule followed that error cannot be predicated upon the exclusion of evidence unless reproduced on hearing of a motion for a new trial.

Appeal from Labette district court; WILLIAM D. ATKINSON, judge. Opinion filed April 7, 1928. Affirmed.

*A. D. Neale,* of Chetopa, for the appellant.

*E. L. Burton* and *Carl V. Rice,* both of Parsons, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The question presented here involves the interpretation of a will and the validity of certain deeds executed by a beneficiary thereunder. The grantee in the deeds sought to quiet his title, was defeated and appeals. The facts are substantially as follows:

John C. Witt died April 25, 1908, seized of real and personal property. He executed a will, the material portions of which read:

"I, John C. Witt, give, devise and bequeath all my estate, real and personal, to my wife, Alice Witt, as long as she may live, and after her death to go to Catherine Todd, known as Katie Witt. It is my further will and desire that my aforesaid-mentioned wife take care of, and provide a home for our adopted daughter. It is my further will and desire that in case said wife, Alice Witt, remarries, that all my property, real and personal then remaining, shall go to Catherine Todd, known as Katie Witt.

Appeal and Error, 3 C. J. p. 976 n. 27. Deeds, 18 C. J. p. 442 n. 7. Estates, 21 C. J. p. 960 n. 44. Wills, 40 Cyc. p. 1979 n. 59.

"It is also my will and desire that as long as the said Catherine Todd, known as Katie Witt, remains unmarried, and it is agreeable, she is to remain with my wife, Alice Witt, or in lieu thereof to be comfortably provided for.

"It is also my will and desire that my wife, the aforesaid-mentioned Alice Witt, be executrix of this, my last will and testament, and that she be permitted to administer the same without being required to give bond."

Catherine Todd remained in the home of Alice Witt for a few years, until her marriage to William B. Pee. The will was not probated, and Katie Pee on September 27, 1915, filed an application in the probate court asking that Mrs. Witt be required to produce the will for probate. Mrs. Witt appeared and filed an instrument admitting the execution of the will, her possession thereof, and stating:

"That under the terms of said last will and testament she is the absolute owner of any and all property left by him, and that no other person is entitled to any portion of the said property nor have any interest therein."

On this statement the probate court refused to consider the application to probate the will. Mrs. Witt continued to enjoy and use the estate left by her husband until her death, September 29, 1923.

Thereafter another attempt by Katie Pee to have the will probated was resisted by Carlyle. The will had been lost or destroyed and its probate was by the probate court refused. An appeal was taken to the district court, where action of the probate court was sustained. Appeal was had to this court, which reversed the decision of the lower courts and directed the probate court to proceed with the probate of the will. (*Pee v. Carlyle*, 120 Kan. 200, 243 Pac. 296.) Carlyle claimed title to the real estate through deeds executed by Mrs. Witt a few days prior to her death. The facts leading to the execution of the deeds were substantially these: Sometime after the death of John C. Witt, Carlyle and Mrs. Witt became friendly. He worked in a store which she operated at Chetopa. Carlyle later took over the store and operated it until 1919, when it was sold. Early in 1923, Carlyle again bought the store and continued its operation. Mrs. Witt worked in the store with him, and retained possession of the safe wherein she kept her papers. Monday preceding her death on Saturday, Mrs. Witt decided to go to the hospital for an operation. She executed deeds to all of her real estate, conveying it to Carlyle for one dollar and other valuable consideration. Upon a trial of the issues the court found that there was no consideration for the deeds.

In our opinion the will gave Mrs. Witt a life estate with remainder to (Catherine Todd) Katie Pee (*Caple v. Warburton,* 125 Kan. 290, 264 Pac. 47), and Mrs. Witt, by acceptance of the benefits of the will and by other acts, elected to take under the will instead of by law. For instance, when Katie Pee asked that the will be probated, Mrs. Witt objected on the ground that "under the terms of the will she was absolute owner of any and all property left by her husband, and that no other person was entitled to any portion thereof nor any interest therein." This objection indicated clearly that Mrs. Witt elected to take under the will. (See *Reville v. Dubach,* 60 Kan. 572, 57 Pac. 522; *Cook v. Lawson,* 63 Kan. 854, 66 Pac. 1028; *Pirtle v. Pirtle,* 84 Kan. 782, 115 Pac. 543; *Williams v. Campbell,* 85 Kan. 631, 118 Pac. 1074; *Martin v. Battey,* 87 Kan. 582, 125 Pac. 88; *Ross v. Ross,* 111 Kan. 533, 207 Pac. 786.)

The effect of the attempt by Mrs. Witt to convey the property in question without consideration amounted to a gift or devise which would have destroyed the rights of the remainderman. The will gave her no such power. (*Pearson v. Orcutt,* 106 Kan. 610, 189 Pac. 160; *Mansfield v. Crane,* 116 Kan. 2, 225 Pac. 1087.)

The evidence need not be analyzed or set out in detail. We have carefully considered it and are convinced it was sufficient to sustain the findings of the trial court that there was no consideration for the deeds. The evidence being sufficient to support the findings, they will not be disturbed. (*Conley v. House,* 71 Kan. 883, 81 Pac. 1131; *Davis v. Heynes,* 101 Kan. 535, 167 Pac. 1142; *Pearson v. Orcutt,* 106 Kan. 610, 189 Pac. 160; id., 107 Kan. 305, 191 Pac. 282.) It is argued by the plaintiff that the court erred in refusing to permit Carlyle to testify as to what went into and made up the consideration for such deeds. Even if there could have been technical error of the court in refusing to receive such testimony, there appears to have been no compliance with the requirement of the statute that such evidence be reproduced upon the consideration of a motion for a new trial. (R. S. 60-3004; *Mansfield v. Crane,* supra.) We find no error which would warrant a reversal.

The judgment is affirmed.