No. 35,424

FLORENCE COX and EUGENE McBROOM, *Appellees*, v. (CLARENCE McBROOM, *Defendant*), MARLENE McBROOM, a Minor, TRESSA H. FISH, as Guardian, and as Executrix of the Last Will and Testament of Melley J. McBroom, Deceased, *Appellants*.

(122 P. 2d 185)

Opinion filed February 16, 1942.

*Walter T. Chaney,* of Topeka, argued the cause, and *Lawrence J. Richardson,* of Topeka, was on the briefs for the appellants.

*A. Harry Crane,* of Topeka, argued the cause, and *Harold E. Doherty* and *Ward D. Martin,* both of Topeka, were on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action to partition real estate. The property involved includes five tracts which originally stood in the name of Marley M. McBroom and four tracts which stood in the names of Marley M. McBroom and Melley J. McBroom, his wife.

For present purposes it may be said that the petition alleged the status of the various parties, and that plaintiffs and the defendant Clarence McBroom were children of Marley M. McBroom, who died on November 11, 1927, leaving a will which was offered for probate upon the petition of the widow, Melley J. McBroom, and duly admitted to probate on March 16, 1928. A copy of the will was attached to the petition as an exhibit. Under its terms the testator without particularly describing any property gave his wife Melley

J. McBroom one-half of all his real and personal property, to use, sell or dispose of as she might desire during her lifetime and at her death what was left was to be divided equally among his children, Clarence, Eugene and Florence, who were given the other one-half of his property. The petition further alleged that although the mother, Melley J. McBroom, had failed to make a formal election to take under the will she did in fact accept and take under his will; that immediately following her husband's death she went into possession of the property devised to her, collected the rents, paid the taxes and operated and managed the property for thirteen years from the death of her husband up to the time of her death on December 19, 1940; that she accepted under the will of her husband by her acts, and she and her representatives were estopped to deny her election to take under the will. We need not set out the shares of each party in the various tracts. The petition further alleged that Tressa H. Fish, guardian of Marlene McBroom, a minor, Marlene McBroom individually, and Tressa H. Fish, executrix of the last will of Melley J. McBroom, claimed some right adverse to plaintiffs, but it was subservient to their rights. They prayed for partition and that their title be quieted.

So far as need be noted, the answer of the guardian contained a general denial and then alleged the death of Melley J. McBroom on December 19, 1940, and that her will was duly admitted to probate on January 25, 1941, the will being attached as an exhibit. Under this will, Melley J. McBroom, without specifying any particular piece of property, gave all of her property to Tressa H. Fish as trustee for "my adopted daughter Marlene May McBroom." We pass by the details of the trust. The will provided it should continue in force until Marlene should arrive at the age of twenty-one years and the property then on hand should be divided equally among her four children, Clarence, Eugene, Florence and Marlene, but if Marlene should die prior to becoming twenty-one years of age, the trust should cease and the property divided among the children surviving Marlene. The will also appointed Tressa H. Fish as testamentary guardian of the person and estate of Marlene, and as executrix of the will. The answer alleged the interest of the trustee in the property and prayed for judgment accordingly.

The answer of the executrix adopted the answer of the guardian. Some amendments to the answers and replies of plaintiffs need not be detailed. The defendant Clarence McBroom filed no answer and was in default.

At the trial plaintiffs introduced their evidence, to which the defendants, except Clarence McBroom, demurred. The trial court overruled the demurrer, the defendants elected to stand on their demurrer, and judgment was rendered in favor of plaintiffs, and defendants appeal. Their abstract contains no specification of errors, as required by our Rule No. 5, but in their brief they state the question involved is whether the evidence was sufficient to establish that Melley J. McBroom, never having filed a written election in the probate court, did accept *in pais* under the will of her deceased husband.

Before discussing the evidence generally it may be stated as a preliminary that after Melley J. McBroom on December 14, 1927, filed her petition a hearing was had, and the will of Marley M. McBroom was admitted to probate. Nothing further was ever done in the probate court. She never filed any election to take under the law or the will, nor was she ever cited to make an election. A reference to the above dates will show that at that time R. S. 22-245, 22-246 and 22-247 were in effect. There is some contention that under those sections the law made an election for her and that was an election to take under the law of descents and distributions and not under the will. That contention as made cannot be sustained, for it has been held in numerous cases, some of which are later mentioned, that an election can be made by acts *in pais*. Although stated in various ways, the rule seems to be that if the acts done are plain and unequivocal, and done with full knowledge of the legal rights of a surviving spouse and of the condition of the estate, the election is as binding as though made in strict accord with the statute. See among other cases: *Sill v. Sill*, 31 Kan. 248, 1 Pac. 556; *James v. Dunstan*, 38 Kan. 289, 16 Pac. 459; *Reville v. Dubach*, 60 Kan. 572, 57 Pac. 522; *Cook v. Lawson*, 63 Kan. 854, 66 Pac. 1028; *Weisner v. Weisner*, 89 Kan. 352, 131 Pac. 608; *Larned v. Larned*, 98 Kan. 328, 158 Pac. 3; *Ross v. Ross*, 111 Kan. 533, 207 Pac. 786.

It is not necessary that the evidence of particular witnesses be detailed. The evidence did disclose that before Marley M. McBroom made his will he talked with his wife as to the disposition he intended to make of his property, and the will was made; that after his death his wife offered it for probate and it was admitted, nothing further being done in the probate court; that Melley J. McBroom on occasions in talking with her neighbors and friends, stated how the property was to go under the will and that she was perfectly satisfied with the will; that she was doing as her husband wished and

at her death the property would go to the children. The evidence further showed that she looked after the property, collected the rents, etc. The above course of conduct persisted from the time of the husband's death until the death of the widow, or a period of about thirteen years.

Appellants recognize our oft-repeated rule that as against a demurrer the evidence is to be taken as true, and that the evidence and all the inferences to be derived therefrom are to be considered in the light most favorable to the party adducing the evidence. As we understand their contention, however, it is that although that evidence indicated that Melley J. McBroom was aware of the terms of the will and the provisions for her and expressed satisfaction therewith, there was no evidence that she was aware of or had been advised as to her legal rights in the premises and of her right to have elected to take under the law and not the will; that a stronger showing must be made in order to sustain the burden of establishing an election, such as was claimed here, than in an ordinary suit at law, and that the proof was deficient and the demurrer should have been sustained. In making their contentions that there was no evidence that Melley J. McBroom acted with knowledge of her legal rights, appellants recognize that in *Cook v. Lawson,* 63 Kan. 854, 66 Pac. 1028, upon which the trial court evidently relied in part, this court held:

"Express proof of a widow's knowledge of her rights under the statute is not always necessary, as knowledge on her part may be inferred from her acts and declarations, and from the long failure to dissent from the provisions of the will." (Syl. ¶ 2.)

We are not convinced the above ruling is not sound for the reasons asserted—that it was a *per curiam* opinion, and reliance was placed only on *Reville v. Dubach,* 60 Kan. 572, 57 Pac. 522, which dealt with evidence which should have been received on the question whether an election had been made. It may be remarked that *Cook v. Lawson,* supra, has never been overruled or even criticized, and has been cited in an approving way in four later decisions. (*Pirtle v. Pirtle,* 84 Kan. 782, 115 Pac. 543; *Weisner v. Weisner,* 89 Kan. 352, 131 Pac. 608; *Ross v. Ross,* 111 Kan. 533, 207 Pac. 786; *Carlyle v. Pee,* 125 Kan. 727, 265 Pac. 1113.) It has been noted that Melley J. McBroom, over a period of about thirteen years, pursued a course of conduct indicating a full acceptance of the terms of her husband's will. In *Ross v. Ross,* supra, where for a period of about seven years, the surviving husband's conduct indicated acceptance under

his wife's will and thereafter he attempted to claim under the law, *Cook v. Lawson* was quoted approvingly on the point here in issue, and in holding that the husband by his conduct had elected to take under the will, the court said (l. c. 539):

"But, to use plain terms, with full knowledge the plaintiff for many years acted as if he had chosen to take what the will gave him and his actions in this respect were so significant and so continued that to hold he had not elected would be to convict him of remarkable inconsistency."

And so here, Melley J. McBroom knew the disposition to be made by the will of her husband before the will was executed, she offered the will for probate, she never attempted to make an election in the probate court to take under the will, she repeatedly expressed satisfaction with the will, and her course of conduct was not only consistent with acceptance of its terms, but inconsistent with a claim she took under the law. Only after thirteen' years after her husband's death and only after her death, does any person contend she had not made an intelligent election. Paraphrasing what is said in *Cook v. Lawson,* supra, it may be said the evidence in the case at bar was such that knowledge of her rights was inferable from her acts and statements of satisfaction and that it is fair to infer that during the long period between the death of her husband and her death she learned what her rights were under the law.

It does not appear that the will of Melley J. McBroom was offered in evidence. The making of it, however, would not indicate any intention to change her position concerning her husband's will. In her will she described no specific property, and the will was perfectly proper to dispose of her own property, and concededly she had an undivided interest in some of the tracts presently involved.

There is also a suggestion that as the Marley M. McBroom estate was not closed by July 1, 1939, the provisions of the new probate code, which then became effective, are applicable (G. S. 1941 Supp. 59-2602) and that because Melley J. McBroom did not file an election as required by G. S. 1941 Supp. 59-2233, she renounced the will. It is sufficient here to say that her election to take under her husband's will was evidenced by her acts and statements done or said prior to July 1, 1939. The record discloses only one incident after that date, and that her election had been made prior thereto.

The ruling of the trial court on the demurrer was correct and it is affirmed.

Hoch, J., not participating.