No. 37,302

ARTHUR A. BROOKS, *Appellee*, v. JAMES K. CARSON and AMBROSIA CARSON, *Appellants*.

(200 P. 2d 280)

Opinion filed November 30, 1948.

*W. Glenn Hamilton, Floyd A. Sloan* and *Eldon Sloan,* all of Topeka, were on the briefs for the appellants.

*G. Clay Baker* and *Maurice D. Freidberg,* both of Topeka, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for the balance due on a contract for the sale of real estate. Judgment was for the plaintiff. The defendants appeal.

The outcome of the appeal depends on the marketability of a title to real estate. There was no dispute about the facts. They are briefly as follows: Emery Bates of Massachusetts had title to the land in question. He died testate a resident of Massachusetts, November 17, 1900. His only heirs at law were his widow, Maria W. Bates, and his son, Arthur L. Bates. In his will he made Maria W. Bates his sole devisee and legatee. His will was duly authenticated by the probate court of Wooster county, Massachusetts, admitted to probate there and was admitted to record in the probate court of Shawnee county, Kansas, where the land in question was located. There is no showing anywhere that Maria W. Bates elected to accept under the will of her husband rather than under the law. There is no conveyance from Arthur L. Bates shown on the abstract.

On January 3, 1902, or a little over a year after the death of her husband, Maria conveyed the land in question to Ralph E. Valentine. From Valentine the plaintiff here claims title.

The defendant, to whom plaintiff had agreed to convey the real estate, questioned the title of plaintiff because his abstract did not show that Maria W. Bates had ever elected to take under her husband's will rather than under the law of descents and distributions, and his abstract did not show any conveyance by Arthur L. Bates.

At the time the conveyance was made our statute on the subject was G. S. 1935, 22-245 and 22-246, and provided as follows:

"If any provision be made for a widow in the will of her husband, and she shall not have consented thereto in writing, it shall be the duty of the probate court, forthwith, after the probate of such will, to issue a citation to said widow to appear and make her election, whether she will accept such provision or take what she is entitled to under the provisions of the law concerning descents and distributions, and said election shall be made within thirty days after the service of the citation aforesaid; but she shall not be entitled to both.

"The election of the widow to take under the will shall be made by her in person in the probate court of the proper county, except as hereinafter provided; and on the application by her to take under the will, it shall be the duty of the court to explain to her the provisions of the will, her rights under it, and also her rights under the law, in the event of her refusal to take under the will. The election of the widow to take under the will shall be entered upon the minutes of the court; and if the widow shall fail to make such election, she shall retain her share of the real and personal estate of her husband as she would be entitled to by law in case her husband had died intestate."

We have heretofore upheld this statute and held that where the widow had not elected to take under the will she took under the law. (See *Larned v. Larned,* 98 Kan. 328, 158 Pac. 3.) Defendants point

out that the law of Kansas controls the devolution of title to land located in Kansas. (See *Riemann v. Riemann,* 124 Kan. 539, 262 Pac. 16.)

The practical result of this argument should it be adopted by us would be that even though the widow was the sole devisee and legatee in her husband's will and even though the other heir, the testator's son, was raising no question, still as far as the Kansas land is concerned she took only half, the other half going to the other heir.

At this point note should be taken of the statute of Massachusetts on the subject as found by the trial court. It is as follows:

" 'A married woman or a married man may make a will. The surviving husband or widow of a deceased person, at any time within one year after the probate of the will of such deceased, may file in the registry of probate a writing signed by him, waiving any provisions that may have been made in it for him, or claiming such portion of the estate of the deceased as he would have been entitled to if the deceased had died intestate, and he shall thereupon be entitled to the same portion of the estate of the deceased, real and personal, that he would have been entitled to if the deceased had died intestate; except that if he would thus become entitled to real and personal estate to an amount exceeding ten thousand dollars in value, he shall receive in addition to that amount only the income during his life of the excess of his share of such estate above that amount, the personal estate to be held in trust and the real estate vested in him for life, from the death of the deceased; and except that if the deceased leave no kindred, he, upon such waiver shall take the interest he would have taken if the deceased had died leaving kindred but no issue. The amount not exceeding ten thousand dollars above given absolutely shall be paid out of that part of the personal estate in which the husband or widow is interested; and in case it is insufficient the remainder shall be paid from the sale or mortgage in fee, in the manner provided for the payment of debts or legacies, of that part of the real estate in which he is interested, to be made either before or after it is set off for his life from the other real estate of the deceased. When, after probate of such will, legal proceedings are instituted wherein its validity or effect is drawn in question, the probate court may, within said one year, on his petition and after such notice as it may order, extend the time for filing the aforesaid claim and waiver until the expiration of six months from the termination of such legal proceedings.' (Chap. 450, sec. 7, Acts of 1900 of State of Massachusetts.)"

An examination of this statute discloses what causes Mrs. Bates to do as she did. In Massachusetts if she desired to take under the law of descents and distributions rather than under the will she must so elect; otherwise she took under the will. Since she was the sole legatee she made no election but took under the will. The statute

on the subject is just the converse in Massachusetts of that in Kansas.

The trial court in this action did not follow the argument of defendants, but held that Maria W. Bates had a good title when she conveyed to plaintiff grantor, that the plaintiff had offered defendants a marketable title, and judgment was given plaintiffs— hence this appeal.

At the same time when G. S. 1935, 22-245 and 22-246, were enacted providing that the widow might choose whether she would take under the will or under the law, G. S. 1935, 22-238, was also enacted. It provided that no spouse could will away more than one-half of his or her property from the other. It is clear that G. S. 1935, 22-245 and 22-246, was intended by the lawmakers to protect the widow from the terms of such a will. The lawmakers were so concerned with such a contingency that they wanted to make sure a widow would get at least half of her husband's estate under the statute unless she should deliberately elect otherwise. As our statute has been construed if through inadvertence or mischance the widow should have failed to elect, the law made the election for her and she received half. In none of the cases cited by defendants and in none that we have found has the widow been compelled to take under the law, rather than the will, when she was the sole legatee under the will. To hold as argued by defendants would be to turn against the interests of a widow a statute that was enacted for her benefit.

As a matter of fact, if she could by filing her election to take under the will in Kansas, take it here, and by not so filing in Massachusetts take under it in Massachusetts the same reasoning would allow her to take under the will in one state and under the law in another. Such inconsistent position may not be taken. See 11 Am. Jur. p. 349, where the rule is stated as follows:

"The acceptance by the party entitled to make the election of the provision of a will or an election to take under the will in the state of the decedent's domicile is binding everywhere."

See, also, *Martin v. Battey*, 87 Kan. 582, 125 Pac. 88. In that case we held:

"A wife domiciled in Illinois died there owning lands in that state and in Kansas. She left a will giving her husband a life estate in all of her property, after which it is to go to the other heirs in designated proportions. The will was probated in Illinois and an authenticated copy of it was admitted to record and probate in this state. In Illinois the surviving husband determined to

take under the will and he entered into the possession of the property devised and accepted and enjoyed the provisions made for him in the will. Held, that he elected to take under the will, and having done so in that state it is effectual in Kansas, as he could not elect to take under the will in Illinois and under the law in Kansas."

We hold that the widow took full title to the Kansas real estate under her husband's will and that plaintiff had a marketable title.

The judgment of the trial court is affirmed.