JAMES L. HEWELL, THE RELIEF BUILDING ASSOCIA-
TION OF BALTIMORE CITY, *et al. vs.* THOMAS L.
COULBOURN.

*Question of priority as between an Assignment of record of a
Mortgage, and a subsequent Assignment and Release of record
of the Mortgaged premises and Mortgage, the Mortgage notes
not having been assigned to either.*

H. made two mortgages of leasehold property to S., to secure to him
the payment of certain promissory notes. S., afterwards borrowed
money of C., and to secure its repayment, made a mortgage to him
of all his right, title, interest and estate in and to said two mort-
gages, " and the *notes* named in said mortgages, and in and to the
property mentioned and described therein." Subsequent to the
recording of this mortgage, H. mortgaged the same property to a
Building Association, and on the following day, S. entered on the
record book a release of the mortgage from H. to him. The notes
secured by the two mortgages to S., were not transferred by him
either to C. or to the Building Association, and they were alleged
to have been lost or destroyed. On a bill filed by C. against H.
and S. and the Building Association, claiming a prior lien on the
property, to the extent of his loan to S., and asking for a sale of
the property to pay the same, it was HELD:

That C. was entitled to priority over the Building Association to the
extent of his claim.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court. The
Court below (DOBBIN, J.,) passed a decree in favor of the
complainant.

The cause was argued before BARTOL, C. J., BOWIE,
BRENT, GRASON, MILLER, ALVEY and IRVING, J.

*William J. O'Brien,* for the appellants.

*John H. Handy*, for the appellee.

Bowie, J., delivered the opinion of the Court.

The subject of controversy in this case, is the priority of certain encumbrances on leasehold property in the City of Baltimore, mortgaged by the appellant, Hewell, to the appellant, Segerman, and then by Segerman to the appellee, and subsequently conveyed to the appellant, the Relief Building Association, by Hewell and Segerman, without regard to the lien of the appellee.

The appellee filed his bill in the Circuit Court of Baltimore City, on the 10th of May, 1879, against the appellants, claiming a prior equitable lien on the premises to the amount of $2000, and prayed that the land be sold to pay the same and for further relief.

The material facts established by the evidence are substantially as follows:

Hewell on the 1st of July, 1871, and 7th of November, 1872, made two mortgages of certain leasehold property lying in the City of Baltimore, to Segerman, to secure the payment of a series of negotiable notes held by Segerman, aggregating the sum of $4420, and having in all five years to run.

Segerman, in September, 1873, borrowed of the appellee two thousand dollars, and gave his note for the same payable at one year after date, and further to secure the same, made and executed a deed of mortgage dated the 11th of September, 1873, to Coulbourn, therein reciting that in consideration of the premises, he assigned and granted to Coulbourn and his assigns, "all his right, title, interest and estate in and to the two following mortgages, (thereinafter particularly described, and being the same above mentioned,) and *the notes* named in said mortgages, and in and to the property mentioned and described therein," which deed of mortgage was duly recorded on the same day in one of the Land Records of the City of Baltimore.

On the 28th of February, 1876, James L. Hewell executed to the Relief Building Association of Baltimore, a mortgage of the same premises, to secure the sum of nine thousand dollars advanced on the stock of the Association held by the mortgagor ; the Building Association having knowledge of the preceding mortgages to Segerman, which it was understood between Hewell and the Association should be satisfied and released. On the 29th of February, 1876, Segerman entered on the Record Book a release of the mortgages to him.

On the 15th of June, 1877, Hewell, in consideration of $6000, granted and assigned to Segerman all the residue of the term of years, with the benefit of renewal in the aforesaid mortgaged premises. Afterwards Segerman for a valuable consideration conveyed all his right, title and interest in the premises aforesaid to the Relief Building Association.

The notes intended to be secured by the mortgages from Hewell to Segerman, were never delivered by him to any one, or passed from his possession, except temporarily, and are supposed to have been lost or destroyed. Coulbourn, Hewell and The Relief Building Association claim that Segerman promised to deliver up the notes at the time of the respective assignment, or execution of the several deeds of mortgage and releases, designed to operate upon the debts represented by them.

Clayton, the agent of Coulbourn, and Barnitz, the conveyancer who prepared the assignment of the notes and mortgages to Coulbourn, depose, that Segerman promised to deliver Hewell's notes to Coulbourn. Hewell deposes, that when Segerman released the mortgages to him, he demanded the notes, and Segerman told him he had not them then, but would give them to him in a few days. These statements are denied by Segerman, but the weight of the testimony being in their favor, they must be taken as proved.

It appears that Segerman, being a creditor of Hewell and a debtor of Coulbourn, was interested in procuring a loan from the Relief Building Association to enable him to realize his mortgages and pay his debt. He therefore became the agent of Hewell in negotiating the loan with the Building Association.

Before consummating this loan, he says, he informed the president of the company that he had hypothecated the mortgages of Hewell to himself, for $2000, which lien he desired to be paid off, but the president denies all knowledge of this hypothecation.

The Relief Building Association disclaiming all knowledge of Coulbourn's lien on the mortgage debt of Hewell to Segerman, contend that the releases of those mortgages by Segerman and the subsequent conveyances by Hewell and Segerman to them extinguished the mortgage debt and transferred the premises free from all incumbrances; in a word, that they are *bona fide* purchasers for a valuable consideration, without notice. The appellee insists that the notes and mortgages being assigned to him, for a valuable consideration, by deed, duly recorded, long before the conveyances to the Building Association, he is entitled to be preferred.

As was said by the learned Judge below, " this case is plainly distinguishable from the cases which have decided, that a *bona fide* assignee of *mortgage notes* has an equitable claim to be paid them, which is superior to the claim of the assignee of the *mortgage* by a recorded assignment." The appellee here claims under a prior deed of assignment of the mortgages and notes duly registered.

Both parties stand in the same relation to the mortgage debt; the notes intended to be secured never passed from the payee to the assignee, or the subsequent purchasers of the property.

There has been no severance of the principal and the security in this instance.

The question is one of legal and equitable priority depending upon the operation of the instruments, and the order of time in which they were executed.

The doctrine that the debt is the principal and the mortgage the incident is too well established to require argument or authority. *Clark vs. Levering,* 1 *Md. Ch. Dec.,* 181; *Byles vs. Tome,* 39 *Md.,* 463; *Boyd vs. Parker & Co.,* 43 *Md.,* 199.

The distinction between the assignment of the mortgage *debt,* and the assignment of the mortgage is clearly exemplified in the case of *Byles vs. Tome,* above cited.

In that case the debt secured by mortgage was represented by a single bill. The mortgage and single bill were assigned in writing by the mortgagee and delivered to the assignee, from whom they passed by *mesne* assignments and delivery to Tome, but these assignments were not recorded. The first assignee afterwards, by an assignment duly executed and recorded, assigned the sum of $4500 of the mortgage to Ware, the original mortgagee, who by assignment duly executed and recorded, transferred the same to Byles.

It was held that the holder of the single bill and mortgage, claiming under the unrecorded assignment, was to be preferred in equity, to the assignee of the mortgage holding the registered assignment.

That the assignment of the mortgage debt accompanied by the delivery of the chose in action and mortgage, constituted in equity, a transfer of the debt which required no registration to perfect it, and although a mere assignment of the mortgage in writing was required by the Act of 1868, ch. 373, to be recorded, yet it was not the purpose of that Act to affect in any manner equitable assignments of mortgages, by the mere assignment of the mortgage debt, nor to impair the rights of assignees thereunder. 43 *Md.,* 184.

Hewell, *et al. vs.* Coulbourn.

The parties in the present case stand upon their assignments of the mortgage, or their deeds of release, without the delivery of the chose in action secured by them.

The assignee of any chose in action for the payment of money entitled thereto by assignment in writing, signed by the person authorized to make the same, may maintain an action thereon against the debtor in the same manner as the assignor might have done before the assignment. 1829, *ch.* 51; 1830, *ch.* 165, *sec.* 1; *Art.* 64, *sec.* 41, *Revised Code.*

Coulbourn had by virtue of these acts the right to sue for and collect the notes, transferred to him by Segerman's deed of assignment, and that deed having been duly recorded, was notice to all subsequent purchasers or incumbrancers, of Coulbourn's rights.

In the language of this Court, in the case of *Boyd vs. Parker & Co.*, 43 *Md.*, 200, cited by the learned Judge below: "The mortgage having been duly recorded, was notice to the appellant of the existence of the promissory notes which it was intended to secure, as well as of its legal import and effect," and we may add of the transfer of those notes to the appellee.

Concurring in the opinion of the Court below, the decree will be affirmed with costs to the appellee.

*Decree affirmed.*

(Decided 3rd June, 1880.)