Long v. Anderson.

No. 24,652.

Leonidas F. Long et al., *Appellants*, v. Laura A. Anderson, as the Widow of John L. Anderson, and W. F. O'Connell, as Administrator of John L. Anderson, Deceased, *Appellees*.

### SYLLABUS BY THE COURT.

Will—*Election by Widow—Effect of Widow's Failure to Make Election.* Where a widow fails to respond to a citation requiring her to decide whether to take under her husband's will or under the law, and thereby in effect chooses the latter alternative, she is not precluded from successfully asserting a claim under the statute to half the estate by the fact that she has demanded in addition thereto a benefit under the will.

Appeal from Hodgeman district court; Albert S. Foulks, judge *pro tem.* Opinion filed July 7, 1923. Affirmed.

*L. O. Carter,* of Kansas City, for the appellants.

*L. A. Madison,* and *Carl Van Riper,* both of Dodge City, for the appellees.

The opinion of the court was delivered by

Mason, J.: On appeal from the probate court's final distribution of the estate of John L. Anderson the district court adjudged his widow, Laura A. Anderson, to be entitled to take half of it under the law. The other distributees appeal from that judgment on the ground that by having asserted a claim under his will the widow is precluded from successfully asserting a right to any part of her husband's estate except such as was therein given her. In her behalf it is contended that while she did at one time demand of the administrator the payment of a specific bequest to her, her right to take under the law was not thereby impaired because it had been expressly asserted in connection with the demand referred to.

The will was executed September 7, 1905, shortly before the testator's marriage to the appellee. It gave to her a quarter section of land and one thousand dollars in money, "provided she hereafter becomes my wife and lives with me, as said wife, until my death," the rest of the property being given to the appellants. The testator died August 13, 1919. On August 30, 1919, a citation was served upon the widow requiring her to appear within thirty days, and elect whether she would take under the will or under the law. She made no appearance in response to this notice, nor did she ever make any election further than as hereinafter stated. Her omission to signify her intention to accept the will amounted to a rejection

of it (*Williams v. Campbell*, 85 Kan. 631, 118 Pac. 1074) and justifies the decision of the district court unless by her subsequent conduct she lost the rights she thereby acquired. On October 17, 1919, she served upon the administrator the demand already referred to, reading:

"I hereby make demand on you for the payment of the $1,000 bequest to me under the terms of the will of the said John L. Anderson, claiming that I am entitled to receive the specific bequests and devises under such will in addition to one-half of said estate to which I am entitled under the law."

On September 9, 1921, the beneficiaries under the will filed in the probate court a motion that the administrator be directed to pay the widow $1,000 in accordance with her demand, and with her consent such an order was entered. No such payment was in fact made however at any time. On September 26, 1921, an order of the probate court directed the final distribution. It recited that the widow had never elected to take under the will and was then claiming the share of her husband's property to which she would be entitled if he had died intestate. It also recited the motion for the payment of $1,000 to the widow and her consent to the allowance thereof "if it be done without prejudice to or the waiver of any of her rights to share in said estate as the widow and heir-at-law of said John L. Anderson, deceased." It directed the payment to her of that sum and an additional amount. The beneficiaries under the will appealed to the district court from this order, which was there modified so that one-half the property should go to the widow and one-half to the other parties collectively.

It is too clear for controversy that the $1,000 demanded by the widow was asked by her as an addition to the half of the estate she would take under the statute, and not as a substitute for it or as part of a substitute for it. There was evidence that her attorney who prepared the form of demand advised her that in his opinion there were reasonable grounds for believing that she was entitled to the $1,000 in addition to the half of the estate the law gave her. This view was doubtless based upon the theory that the portion of the will which gave the appellee that sum of money and a quarter section of land, on condition that she married the testator and continued to live with him (as she did) until his death, was contractual —a promise made in consideration of the marriage. It is not important what legal principle was relied upon nor whether it was sound and applicable to the case. The widow was not concluded by action on her part which was taken under a misunderstanding of the law

and in reliance upon which the adverse parties had not changed their situation to their disadvantage. But more than that she could not be estopped or otherwise prevented from asserting her right under the statute to half of the estate by the fact that at one time she had claimed that and also something more by virtue of the will, under the mistaken belief that she could have both.

"It has been held that if a devisee in his pleading claims both under and against the will, it does not amount to an election and a waiver of his right to make it." (*Larned v. Larned,* 98 Kan. 328, 334, 158 Pac. 3. See, also, Note, 49 L. R. A., n. s., 1072, 1074). The following quotations show the basis of the doctrine, which however is quite self-evident:

"The claim that the defendant has made his·election is utterly without foundation. The assumption is that he elected to take under the will. There is just as much ground for saying that he elected not to take under the will. An election by him implies the taking of one thing and the rejection of the other. The defendant has 'elected' to take *both.*" (*Ruston v. Cone,* 24 Ohio St. 11, 22.)

"A donee amenable to the equitable doctrine of election, who in his pleading claims both under and against the instrument of donation, does not thereby either make the election which the doctrine requires of him, or waive his right to make it." (*Bebout v. Quick,* 81 Ohio St. 196, syl. ¶ 1.)

"Under the advice of her counsel it may fairly be said that the plaintiff attempted to take both the land given her by the will and the land she claimed to be entitled to under the alleged contract. This was done under a mistake as to her rights, but if it had been done purposely and intentionally it could not be said to be an election. An attempt to take one and reject the other is an election, but an attempt to take both cannot be said to be." (*Cobb v. MacFarland,* 87 Neb. 408, 412.)

"It is true that an election being a choice between two alternatives, there would be none if the appellant merely claimed both under the will and his right by curtesy." (*Mosely v. Bogy,* 272 Mo. 319, 321.)

"To constitute an election there must be a choosing between the two; the taking of the one and the rejection of the other. The taking *both* is no election, . . . And, therefore, it seems to me, that where an implied election is relied on, the acts constituting such election should plainly and unequivocally show, not only that one was taken, but that the other was abandoned. Acts or declarations short of this do not show an actual election. They must be plainly inconsistent with any other reasonable theory, than that the one was taken and the other rejected." (*Whitridge & Alexander v. Parkhurst,* 54 Md. 62, 70, 71.)

"As an election is necessarily a definite choice by the party to take one of the properties and to reject the other, his conduct, in order that an election may be inferred, must be done with an intention to elect, and *must show such an intention.*" (1 Pomeroy's Equity Jurisprudence, 4th ed., § 515.)

The judgment is affirmed.