Gardner v. Goble.

No. 26,549.

W. F. GARDNER and MARY G. BARBOUR, *Appellees*, v. MARGARET GOBLE et al., *Appellants*.

SYLLABUS BY THE COURT.

WILLS—*Election by Surviving Spouse—Time and Method of Election*. A wife made her will and died, leaving her husband surviving her. He did not in writing consent to the will. It was filed for probate. Before the will was probated, the probate court appointed a commission to take the election of the husband. He expressed his satisfaction with the will and declared his intention to take under it, but finally decided to wait and sign the election later. Before signing the election he died. The will was thereafter admitted to probate. *Held*, there was no election, and that the husband inherited under the law.

Appeal from Kiowa district court; LITTLETON M. DAY, judge. Opinion filed June 12, 1926. Affirmed.

*C. H. Bissitt* and *John W. Davis*, both of Greensburg, for the appellants.

*O. G. Underwood*, of Greensburg, *William Barrett* and *George Barrett*, both of Pratt, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs sued to have determined their rights in certain real property in Kiowa county, and to have that property partitioned between themselves and the other owners thereof. Judgment was rendered in favor of the plaintiffs, and the defendants appeal.

The facts shown by the evidence were that Venetia E. Gardner, the wife of Dr. James A. Gardner, owned the real property, and on February 19, 1923, died, leaving a will by which she devised the property to her husband, "Dr. James A. Gardner, to have, possess, use and enjoy for and during his natural life, and upon his death the remainder unto the following-named persons in the following shares and proportions, to wit:

"To my sister, Margaret Goble, of Washington, Iowa, an undivided one-sixth (⅙) thereof;

"To my niece, Florence Goble, the daughter of the above-named Margaret Goble, also of Washington, Iowa, an undivided one-sixth (⅙) thereof;

"To my sister, Mrs. Bessie Sickles, of Enid, Oklahoma, an undivided one-third (⅓) thereof; and

"To my great-nephew, Harold H. Maxwell, of Walbridge, Ohio, an undivided one-third (⅓) thereof;

"In fee simple to be theirs absolutely."

Wills, 40 Cyc. pp. 1976 n. 24, 1983 n. 98; 49 L. R. A. n. s. 1096.

Dr. James A. Gardner survived his wife, but died intestate on March 11, 1923. Gardner did not in writing consent to the will of his wife. The will was filed for probate on March 1, 1923, but was not admitted to probate until March 19, 1923. Letters testamentary were issued to Henry W. Wacker as executor on March 27, 1923. After the will was filed in the probate court, but before the death of Dr. James A. Gardner and before the will was admitted to probate, the probate court appointed a commission, consisting of Henry W. Wacker and C. H. Bissitt, to take the election of Dr. James A. Gardner as required by law. That commission waited on Gardner and talked with him about his election. He expressed his satisfaction with the will, and his desire to consent to it, and declared he would take under it, and was about to sign the written election, when one of the commission suggested that he wait a little while before signing it. Gardner deferred signing the election, and indicated that he would sign it on Monday following. He died the day after the commission waited upon him, before the Monday arrived, and did not sign any election to take under the will or under the law. The plaintiffs are Gardner's heirs and claim as such; the defendants are the devisees, other than James A. Gardner, named in the will of Venetia E. Gardner.

Pertinent statutes should be noticed. Section 22-117 of the Revised Statutes reads:

"The widow's portion cannot be affected by any will of her husband, if she objects thereto, and relinquishes all right conferred upon her by the will."

Section 22-127 reads:

"All the provisions hereinbefore made in relation to the widow of a deceased husband shall be applicable to the husband of a deceased wife. Each is entitled to the same rights or portion in the estate of the other, and like interests shall in the same manner descend to their respective heirs. The estates of dower and by curtesy are abolished."

Section 22-238 reads:

"No man while married shall bequeath away from his wife more than one-half of his property, nor shall any woman while married bequeath away from her husband more than one-half of her property. But either may consent in writing, executed in the presence of two witnesses, that the other may bequeath more than one-half of his or her property from the one so consenting."

Section 22-245 reads:

"If any provision be made for a widow in the will of her husband, and she shall not have consented thereto in writing it shall be the duty of the pro-

bate court, forthwith, after the probate of such will, to issue a citation to said widow to appear and make her election, whether she will accept such provision or take what she is entitled to under the provisions of the law concerning descents and distributions, and said election shall be made within thirty days after the service of the citation aforesaid; but she shall not be entitled to both."

Section 22-246 reads:

"The election of the widow to take under the will shall be made by her in person in the probate court of the proper county, except as hereinafter provided; and on the application by her to take under the will, it shall be the duty of the court to explain to her the provisions of the will, her rights under it, and also her rights under the law, in the event of her refusal to take under the will. The election of the widow to take under the will shall be entered upon the minutes of the court; and if the widow shall fail to make such election, she shall retain her share of the real and personal estate of her husband as she would be entitled to by law in case her husband had died intestate. If she elects to take under the will, she shall not be entitled to the provisions of the law for her benefit, but shall take under the will alone."

Section 22-247 reads:

"If the widow of the testator shall be unable to appear in court by reason of ill health, or is not a resident of the county in which said election is required to be made, it shall be the duty of the probate court, on an application made in her behalf, to issue a commission, with a copy of the will annexed thereto, directed to any suitable person, to take the election of said widow to accept the provision of said will in lieu of the provision made for her by law; and it shall be the duty of the court, in said commission, to direct such person to explain to said widow her rights under the will, and by law."

Gardner's statements did not amount to a final, conclusive and irrevocable election because he decided to wait until Monday and further consider the matter. He could have changed his mind and could have refused to take under the will when Monday came. At the time the attempt to take his election was made, the will had not been probated. Neither the probate court nor the commission had authority to take the election at that time. (R. S. 22-245.) If the written instrument called an election had been then signed, it might have amounted to a written consent to the will and would have been valid if done in the manner required by section 22-238 of the Revised Statutes. It follows that there was no election. One-half of the property owned by Venetia E. Gardner descended under the law to Dr. James A. Gardner. That property under the statute of descents and distributions descended to the plaintiffs.

The judgment is affirmed.