No. 27,670.

MARY E. DICK (nee MARY E. TAYLOR), *Appellee*, v. ROY S. TAYLOR, *Appellant*.

(261 Pac. 579.)

SYLLABUS BY THE COURT.

1. WILLS—*Revocation of Election—Omission of Court to Make Statutory Explanation.* Where no rights have intervened, the probate court has jurisdiction to set aside the election of a widow to take under her husband's will upon a showing that it was made under a misapprehension brought about by the omission of the court to make the explanation required by the statute. (Following *In re Osborn's Estate,* 99 Kan. 227, 167 Pac. 601.)

2. SAME—*Revocation of Election—Limitations of Action.* The proceedings to set aside the election of a widow to take under her husband's will considered, and *held,* such proceedings were not barred by the statute of limitations.

3. SAME—*Revocation of Election—Effect of Qualifying as Executrix.* Further, the widow was not estopped from seeking a revocation of her election to take under the will because of having been named executrix under the will and having qualified and acted thereunder.

4. SAME—*Generally.* And further, various alleged errors considered and not sustained.

Estoppel, 21 C. J. p. 1205 n. 26. Wills, 40 Cyc. pp. 1985 n. 18, 1986 n. 35 n. 44.

Dick v. Taylor.

Appeal from Jewell district court; WILLIAM R. MITCHELL, judge. Opinion filed December 10, 1927. Affirmed.

A. Teeple, of Mankato, F. W. Mahin, of Smith Center, and H. D. Mahin, of Clarendon, Va., for the appellant.

D. M. McCarthy, of Mankato, and S. L. Winters, of Omaha, Neb., for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: This controversy presents the question whether an election by a widow to take under the will for her deceased husband can be set aside where her rights were not fully explained to her at the time of such election. The widow prevailed, and a son of her deceased husband by a former marriage appeals.

The facts are substantially these. William M. Taylor died, leaving a will in which he devised certain personal property in Kansas to his wife and an equity in certain real estate in Nebraska to his son by a former marriage. The wife was named executrix in the will, and qualified as such. On notice from the probate court of Jewell county, Kansas, she appeared and signed an election to take under the will. She proceeded to execute her duties under the will, collecting rents, paying taxes and otherwise administering the estate in Nebraska. The personal property situate in Kansas devised to her under the will was either already hers or under the statute was exempt to her, so that the will in effect conveyed nothing to her. After settlement of the estate in Kansas, she filed application to probate the estate in Nebraska and was met with the objection that she had elected to take under the will in Kansas and therefore was entitled to no interest in the real estate in Nebraska. She thereupon filed an application in the probate court of Jewell county to set aside her election. The application was denied, whereupon she appealed to the district court. After full hearing the district court found that her rights were not fully explained to her by the probate court at the time the election was filed, and that under the facts and admissions there was no equitable estoppel. Her application to set aside the election was allowed.

It is contended, chiefly on the authority of Sparr v. Surety Co., 99 Kan. 481, 162 Pac. 305, that the court was without jurisdiction to set aside the election formerly held. We think not. The defendant, Roy Taylor, was interested in that part of the estate which came to plaintiff's deceased husband through his father, William H. Taylor.

The latter had left a will in which he devised to his wife (plaintiff's husband's mother) a life estate in the Nebraska property. She is still living, so that the rights of no third parties or anyone taking under either the will of plaintiff's husband or her husband's father, have been in any manner prejudiced by plaintiff's attempted election.

"Where no rights have intervened, the probate court has jurisdiction to set aside the election of a widow to take under her husband's will, upon a showing that it was made under a misapprehension brought about by fraud or mistake, or by the omission of the court to make the explanation required by the statute." (*In re Osborn's Estate,* 99 Kan. 227, 161 Pac. 601.)

It is contended that the proceedings to set aside the election were barred by the statute of limitations. We think not. The plaintiff did not discover her rights until some eight months preceding her application to set aside the election. In *Long v. Anderson,* 114 Kan. 133, 134, 216 Pac. 1097, it was said in the opinion:

"The widow was not concluded by action on her part, which was taken under a misunderstanding of the law and in reliance upon which the adverse parties had not changed their situation to their disadvantage."

It is argued that the probate court of Jewell county sufficiently explained to the widow the law of Kansas, and that the word "law" used in the statute in this connection means the law of Kansas only, and does not require the probate court to explain the laws of descents and distributions of any other state; that no fraud was charged in connection with the election to take under the will, and the widow's mistake, if any, was not such a mistake of fact as would entitle her to a revocation of her election. It appears by the findings of the trial court, which were amply supported by the evidence, that her rights under the Kansas statute were not fully explained; that she was entitled to the personal property which she received in Kansas even without the will, and that, therefore, there was no occasion for her to elect as far as the Kansas statutory provision was concerned, and she should have been so advised.

Contention that the plaintiff was estopped from asking a revocation of her election to take under the will because she had deliberately made her election as required by law, or because, being named executrix under the will, she qualified and continued to act thereunder until final settlement and discharge, or because she accepted all the personal property and collected the rents under the provisions of the will, and continued to collect the rents after her final settle-

ment, or because she had the benefit and advice of a competent attorney during all of the time that the proceedings were pending in probate court, cannot be sustained.

We are of opinion that in order for her to be estopped she must have been fully informed both as to her rights under the law and under the will; not necessarily that the probate court should have informed her, but that it must be clearly and unequivocally shown that she made an intelligent choice with full knowledge of all the facts and circumstances, and that because of her acts other parties were placed at a disadvantage. (See *Thayer v. Knote*, 59 Kan. 181, 52 Pac. 433; *Medill v. Snyder*, 61 Kan. 15, 58 Pac. 962; *Weisner v. Weisner*, 89 Kan. 352, 131 Pac. 608; *Dreisbach v. Spring*, 93 Kan. 240, 140 Pac. 195; *Weichold v. Day*, 118 Kan. 598, 236 Pac. 649; *Putbress v. James*, 162 Ia. 618, 144 N. W. 607; *Cobb v. Macfarland*, 87 Neb. 408, 127 N. W. 377.) What has been said disposes of various other contentions of the defendant.

The judgment is affirmed.

HARVEY, J., dissenting.