No. 34,041

S. L. Young, *Appellee,* v. Elmer Young et al., *Appellants.*

(84 P. 2d 916)

Opinion filed December 10, 1938.

*T. R. Evans,* of Chanute, for the appellants.

*John J. Jones, James A. Allen* and *B. M. Dunham,* all of Chanute, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: This was an action for partition brought by the husband of a deceased wife who owned land and town property. She left four sons and one daughter surviving her, all of whom were of age. One of the sons died since her death and left surviving him a

wife and two children who were made parties defendant in the partition suit.

The wife executed a will on July 25, 1933. She died on April 12, 1936. On April 28, 1936, the father and the five children borrowed $1,600 from the First National Bank of Chanute, Kan., and all of them signed a note to the bank for that amount, which amount was used in paying medical, hospital and funeral expenses of the deceased wife and mother. The will which she had executed was presented by her daughter and filed for probate on May 22, 1937, and was admitted to probate by order of that court on October 7, 1937. The husband filed his election with the probate court to take under the law rather than under the will coincident with the order admitting the will to probate.

This action was commenced by the husband on September 6, 1937, for partition of the real property of the deceased wife, claiming one half of it under his election to take under the law. Under the will he was given a life estate in all of her property and the remainder in fee was devised to the children. The will also provided for the payment of the wife's funeral expenses out of her estate. The deceased, in the will, named her children as executors of her estate, but the probate court appointed the husband of the deceased and he qualified and gave the required bond.

Several matters were involved in the partition suit, but the appeal brings here for review only one of those several matters, and that is concerning the $1,600 note. The finding and ruling of the trial court concerning that note is the only question here for review, and the children, except Frank, assign such rulings as error. That finding is No. 10, and is as follows:

"I find that the $1,600 note which was given to the First National Bank of Chanute, Kan., on the 28th day of April, 1936, and signed by the plaintiff and the children of his deceased wife was given for money to be used in the payment of the funeral expenses and of the expenses of the last sickness of plaintiff's wife, and while such items would have been a legal obligation of the plaintiff, as such debts are now paid and no claim has been filed against the estate of Mary May Young, that this note of $1,600 has no place in this suit and the court should make no order concerning it, as it is not a lien on the property involved in the partition suit and the payments were made by said parties voluntarily."

The journal entry of judgment makes the memorandum opinion of the court a part of the journal entry the same as if written therein. The portion of the memorandum opinion of the trial court concerning the $1,600 note is as follows:

".  .  .  .  while there is no question in the mind of the court but what these items were an obligation of the plaintiff, the fact that the plaintiff and defendants have voluntarily paid these obligations and no claim having been filed against her estate within the time provided by law, it is the opinion of the court that this item has nothing to do with the partition suit and that the court can make no order concerning the matter."

Appellants assign several errors in finding No. 10 and the conclusion reached in the memorandum opinion concerning the same, but as a preliminary matter it will be proper to refer to the criticism of the use of the word "voluntarily" in both the finding and the memorandum opinion. Some of the citations refer to cases where there was a subsequent ratification, which is different from the claimed ratification here by the execution of the note. Voluntarily, as generally defined, means intentionally, and without coercion and without any evidence on that particular subject the execution of a note is presumed by the court to have been made voluntarily. It is said in 12 Am. Jur. 747:

"The law presumes that the parties understood the import of their contract and that they had the intention which its terms manifest. It is not within the function of the judiciary to look outside of the instrument to get at the intention of the parties."

So we, too, will consider this note for the purpose of this review as voluntarily executed for the purpose of paying the expenses of the wife and mother's last illness.

We shall first consider the error assigned in portions of the first, second and third assignments of error to the effect that under the issues as joined and for the purpose of adjusting all the equities between the parties, those issues should have been determined, and that it was error to hold that the note of $1,600 had no place in the suit and that the court should make no order concerning it. One of the unquestionable issues in the partition action was concerning the making of this note by agreement or otherwise. One of the defendants, Frank Young, a son of the plaintiff and the deceased, in his answer to plaintiff's petition, after making certain admissions, made the following allegations:

"For further answer to the petition of the plaintiff filed herein, this defendant alleges and avers that Mary May Young died in Chanute, Neosho county, Kansas, on or about the twelfth day of April, 1936, leaving a purported will, which said purported will was admitted to probate in the probate court of Neosho county, Kansas, to wit, on about the seventh day of October, 1937.

"For further answer to the petition of the plaintiff filed herein, this defend-

ant alleges and avers that after the death of Mary May Young, deceased, who was the mother of this defendant, and on or about the twenty-eighth day of April, 1936, S. L. Young, plaintiff herein and the husband of Mary May Young, deceased, and (naming the four sons and one daughter of the deceased) agreed that there were debts against the estate of Mary May Young, deceased, in the sum of approximately sixteen hundred ($1,600) dollars, which debts should be paid, and that in order to avoid selling any of the assets of the estate of Mary May Young, deceased, that they would, and they did agree to borrow from the First National Bank of Chanute, Kan., a corporation, the sum of sixteen hundred ($1,600) dollars for the payment of said indebtedness, and, in keeping with said agreement, they did on April 28, 1936, borrow from the First National Bank of Chanute, Kan., the said sum of sixteen hundred ($1,600) dollars, and gave their promissory note therefor, signed by S. L. Young, Frank Young, Bert Young, Elmer Young, Ray Young, and Daisy Jordan; that the money borrowed by said parties, heirs at law of Mary May Young, deceased, was used for the purpose of payment of the debts of Mary May Young, deceased; that it was further agreed by and between said parties that the payment of the said note in the sum of sixteen hundred ($1,600) dollars to and in favor of the First National Bank of Chanute, Kan., should be paid from the proceeds of the sale of any of the property, real or personal, sold belonging to the estate of Mary May Young, deceased; that said obligation in the sum of sixteen hundred ($1,600) dollars is a joint obligation of the makers of said note and payment of said note should be made from the proceeds derived from the sale of property belonging to the estate of Mary May Young, deceased."

The plaintiff in his reply admitted the allegations in the answer of his son, Frank. The defendants, Elmer and Ray Young, sons of the plaintiff and the deceased, and Daisy Jordan, daughter of plaintiff and the deceased, filed their answer, a part of which is as follows: 

"Further answering and also by way of reply to the answer of the defendant, Frank Young, these defendants deny the alleged agreement as set out in said defendant's answer, but aver that if said agreement or if any agreement was made and evidenced by said note, the same was without consideration as to these answering defendants, for that all of the obligations which said note paid were and are the obligations of the plaintiff herein, and at no time were they the obligations of these defendants nor of the estate of the deceased."

There can be no question about there having been an issue raised by these pleadings as to there being an agreement as to the making of the $1,600 note and the purpose for which it was made. We know of no good reason why such issue of fact should not have been decided. The note was apparently signed by all the parties interested in the real property sought to be partitioned.

G. S. 1935, 60-2114, is as follows:

"The court shall have full power to make any order not inconsistent with the provisions of this article that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests."

A just and equitable partition of the property between the parties seems to require a determination as to the legal or agreeable obligation to pay this note. It may not be strictly a lien upon the property to be partitioned as an advancement or loan by the deceased, but as in partition relations these matters are properly considered in reaching an equitable division.

It was held in *Thresher Co. v. Judd*, 104 Kan. 757, 180 Pac. 763, that—

"As a general rule, a court in decreeing partition has power to adjust the equitable rights of all the parties interested in the estate, so far as they relate to and grow out of the relation of the parties to the common property." (Syl. ¶ 1.)

This was a partition action where an outside party, a creditor of one of the cotenants, was made a party and there was a mistake as to the amount of one party's indebtedness.

In *Myers v. Noble*, 141 Kan. 432, 41 P. 2d 1021, it was held:

"Beneficiaries under a will have the right and power to contract between themselves for distribution of their respective portions of the estate in a manner different from that provided in the will; and such an agreement containing the mutual promises of the contracting parties is based upon a sufficient consideration." (Syl. ¶ 1.) (See, also, *Parks v. Snyder*, 126 Kan. 446, 268 Pac. 814; and *Wright v. Simpson*, 142 Kan. 507, 51 P. 2d 1.)

Of course, the plaintiff herein having elected to take under the law cannot claim any benefits under the provisions of the will. But he, by laying aside the will, is not prohibited from making a contract with other beneficiaries, if such contract or agreement was made. Besides, unless and until there was a will the plaintiff was presumed to take under the law. (*Williams v. Campbell*, 85 Kan. 631, 118 Pac. 1074; *Long v. Anderson*, 114 Kan. 133, 216 Pac. 1097; and *Gardner v. Goble*, 121 Kan. 215, 246 Pac. 987.)

It is said in 21 C. J. 137:

"By virtue of this rule, a court of equity, when its jurisdiction has been invoked for any equitable purpose, will proceed to determine any other equities existing between the parties, connected with the main subject of the suit, and grant all relief necessary to an entire adjustment of such subject, provided it is authorized by the pleadings."

It is said in 47 C. J. 458:

"On partition the court may grant such incidental relief, consistent with

the pleadings and proof, as may be necessary to a complete adjustment of the rights of the parties arising out of the cotenancy and to afford protection to such rights, although in so doing it becomes necessary to establish purely legal rights or to grant legal remedies. This rule applies to the adjustment of claims and equities between the parties; the determination and adjustment of liens and encumbrances, and of claims by or against decedents' estates; the ascertainment and protection of dower and homestead rights, the determination and protection of future interests, and of the rights of the transferees and unknown or after-born persons." (See, also, *Holmes v. Holt,* 90 Kan. 774, 136 Pac. 246.)

While this note so given was not a lien upon the property involved in this action and the right of lien or subrogation may not be available to any one, yet the determination of the issue made by the pleadings may affect the equitable rights and interests of some or all the parties among themselves in and to the real property described in the petition, as where similar matters affect the partitioning of partnership property.

We think it was error not to determine this issue made by the pleadings and not to use such determination in making a just and equitable partition between the parties as authorized by statute. This conclusion requires a reversal of the judgment heretofore rendered on this particular point, namely, the $1,600 feature only, and a direction that the cause be remanded for additional and further hearing and determination thereof and thereon. It is therefore unnecessary to consider any of the other points assigned as error.

The judgment should therefore be reversed and the cause remanded for further hearing and determination as herein indicated. It is so ordered.

ALLEN, J., dissenting.