The opinion of the court was delivered by
Valentine, J.:
On January 6th 1871, and subsequently thereto, D. B. Hiatt was the entire equitable owner of a certain piece of land situated in Wyandotte county, and John W. McDanield held the mere naked legal title thereto. On February 8th 1871 the plaintiffs in error commenced their action against the defendant in error on an account for merchandise sold and delivered, and an order of attachment was issued therein. On the 9th of said February said order of attachment was levied on said land as the-property of the defendant. On the 20th of April following said McDanield conveyed his legal title to said land to the defendant by deed of general warranty, and on the 1st of May then next, said defendant with his family moved onto said land, and has since resided thereon, and occupied the same as his homestead. On March 5th 1872 the plaintiffs recovered a judgment in said action against the defendant for $1,017.52 and costs. On the 12th of said March the court ordered the sale of said attached property to satisfy said judgment. On the 19th of April, 1872, in pursuance of said judgment and order a special execution was issued and levied on said land, and on the 25th of May said land was sold on said execution. On June 3d 1872 the court set aside said sale on the ground that said land was the defendant’s homestead; and to reverse the order of the court below setting aside said sale the plaintiffs now bring the case to this court.
We think the court below erred. The defendant was in fact the owner of said land when said attachment was levied upon it, although McDanield may have still held the naked legal title. And land held by an equitable title may be attached as well as land held by a legal title. (Gen. Stat., 665, code, § 193, and ch. 104, § 1, sub. 8.) But of course the attachment binds only the interest of the debtor in the land held at the time the attachment is levied. And it does *101 bind that interest from that time. (Code, § 206.) But the main question in this case seems to be, whether the homestead right defeats the attachment-lien. We think it does not. The attachment-lien existed nearly three months before the homestead right was created. And while homestead laws are everywhere to be considered favorably, yet they are not to be so construed as to destroy pré-existing rights. Of course the .defendant in this case had the right to make said land his homestead, but he could do so only in subjection to the attachment-lien. An attachment-lien, like other liens, though not in estate in the land, (Chiek v. Willets, 2 Kas., 391,) is such a vested interest therein that it cannot be affected by any subsequent act of the debtor. „ A debtor could as well defeat and destroy a mortgage-lien, a judgment lien, a mechanic’s lien, or any other lien or incumbrance upon real estate, by moving upon the land and making it his homestead, as he could by so doing defeat or destroy an attachment-lien. For authorities discussing the nature and extent of attachment-liens, and the nature and extent of homestead rights, and how they are affected when created subsequent to pre-existing liens, we would refer to authorities cited in the brief of plaintiffs in error.
The order of the court below setting aside said sheriff’s sale is reversed, and cause remanded for further proceedings in accordance with this opinion.
Kingman, C. J., concurring.
Bbeweb, J., not sitting in the case.