FRANK J. ROBINSON, et al., v. HIERO T. WILSON.

1. DISCHARGE IN BANKRUPTCY; *Effect on Judgments in State Courts.* While section 3 of chapter 12 of the General Statutes is general in its terms, and directs the court on production of a certificate of discharge in bankruptcy to enter a discharge upon the record of any judgment against such bankrupt, it cannot and does not apply to any other judgments than such as are legally discharged by the proceedings in bankruptcy.

2. ATTACHMENT-LIEN —*Prior in Time, Paramount to Homestead Exemption.* When premises which have been seized under a valid order of attachment become thereafter the homestead of the defendant in the attachment, the homestead-right is subject and subordinate to the attachment-lien.

3. EXEMPT PROPERTY, *Does not Pass to Assignee in Bankruptcy.* Property exempt by the laws of the state from seizure on attachment or execution, does not pass by the assignment to the assignee in bankruptcy, but remains the absolute property of the bankrupt, unaffected by the bankrupt proceedings and subject to any specific liens created by the voluntary act of the bankrupt, or through legal proceedings.

4. STATE COURTS; *Jurisdiction.* The state courts have jurisdiction to enforce any specific lien upon such exempt property.

5. ASSIGNMENT IN BANKRUPTCY; *Attachment Liens; Exempt Property.* The assignment in bankruptcy operates to dissolve only such attachments as were made within four months prior to the commencement of the bankruptcy proceedings, and only such as were levied upon property passing to the assignee, and does not dissolve attachments levied upon property remaining the bankrupt's.

*Error from Bourbon District Court.*

AT the June Term 1874 of the district court, W. C. S., judge *pro tem.*, presiding, defendants *Frank J.* and *Wm. R. Robinson* applied for an order that a certain judgment theretofore recovered in said court against them in favor of *Wilson*, be discharged, and satisfied of record. This application was refused, and the *Robinsons* bring the case here for review.

*Hulett & McCleverty*, for plaintiffs in error.

*McComas & McKeighan*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This is a proceeding to review the action of the district court overruling a motion of plaintiffs in error, defendants below, to have satisfaction of a judgment entered of record because of the fact that, after the rendition of the judgment, they had each received a discharge in bankruptcy. The motion was made under § 3 of ch. 12 of the Gen. Stat. Looking simply at the letter of that section, and it would seem as though the motion ought to have been sustained; for the language is general, and provides that, "in any case in which any person has been or may hereafter be discharged, * * * and shall produce a certificate of discharge * * * to the court in which any judgment is of record, it shall be the duty of any such court to enter a discharge; * * * and thereafter any such judgment shall be deemed fully discharged and satisfied." But this whole statute is based upon and in recognition of the United States Bankrupt Law. It does not intend, even if it were possible so to do, to release parties from debts not discharged under that law. It aims simply to enable a party to obtain in the state courts the benefit of the rights granted to him by the federal law. So, though it declares that "in any case," upon the production of the discharge, it is the duty of the court, etc., it applies only to those cases in which the bankrupt's dis-

charge does, as a matter of fact, under the federal law, operate to release and discharge the judgment debt. Any other construction would expose the statute to grave constitutional objections. The question therefore is, whether this judgment was one which, by the proceedings in bankruptcy, was released and discharged. If it was, the motion ought to have been sustained; if not, the motion was properly overruled.

What are the facts concerning the judgment, and the debt upon which it was based? The action in the state court was upon a promissory note—was commenced June 11th 1873, and was accompanied by the issue of an attachment. On the same day this attachment was levied upon three lots in Fort Scott. A motion was subsequently made to discharge the levy of the attachment, on the ground that the property attached was the homestead of one of the defendants, and therefore not subject to seizure under either an attachment or execution. But as it appeared upon the hearing that the property did not become a homestead until about the 1st of July, and after the levy of the attachment, the motion was properly overruled. *Bullene v. Hiatt*, 12 Kas. 98. On the 9th of January 1874, judgment was rendered, and an order made for the sale of the attached property. On the 25th of August 1873, after the commencement of the action in the state court, and after the property had become a homestead, a creditor's petition in bankruptcy was filed against the plaintiffs in error, and on June 2d 1874 discharges in bankruptcy were granted. During the pendency of the action in the state court, no application was made for a stay of proceedings on account of the proceedings in the bankrupt court. The plaintiff below never proved his debt in the bankrupt court. Was the attachment dissolved, and the judgment-debt discharged by the proceedings in bankruptcy? The property attached, being the homestead, and exempt under the state law, at the time of the commencement of the proceedings in bankruptcy, did not pass to the assignee in bankruptcy. It remained the property of the bankrupt, free from

any control or interference on the part of the assignee. Nor does it seem to us, notwithstanding some decisions in the federal courts to that effect, that the bankrupt took the property as a purchaser from the assignee. The property never passed away from the bankrupt. It remained his, to all intents and purposes, the same as though no bankrupt proceedings had been instituted. U. S. Revised Stat., §§ 5044, 5045; *Rig, Assignee, v. Capital Bank,* 2 Dillon, 367; Bump on Bankruptcy, 7th ed., p. 144. We think too, that as this property remains with the bankrupt, jurisdiction to enforce any liens thereon remains with the state court. Whether the bankrupt court has jurisdiction also, and whether it can stay any proceedings in the state court, we are not to inquire, for those questions are not in the case. *Rig, Assignee, v. Capital Bank,* supra; *In re Everett,* 9 Bank. Reg. 90; Bump on Bankruptcy, pp. 146, 461, and cases cited. But it is said, that the only lien the plaintiff had was one of attachment created less than four months prior to the commencement of the bankruptcy proceedings, and that the assignment to the assignee dissolved all such attachments, and consequently destroyed any lien. The language of the act is, "and such assignment shall relate back to the commencement of the proceedings in bankruptcy, and by operation of law shall vest the title to all such property and estate, both real and personal, in the assignee, although the same is then attached on mesne process as the property of the debtor, and shall dissolve any such attachment made within four months next preceding the commencement of the bankruptcy proceedings;" (§ 5044.) The subsequent section describes the kinds of property exempt from this assignment. The two sections are of course to be construed together, and the section quoted therefore should be construed as though it said expressly, "shall vest the title to all such property and estate, both real and personal," *as is not exempt from the operation of the bankrupt act,* "although the same" (that is, the *unexempt* property, the property conveyed,) "is then attached, * * * and shall dissolve any such attachment"—that is, any attach-

ment on the property not exempt, the property transferred by the assignment to the assignee. We are aware of decisions in the federal courts contrary to these views, and holding that the assignment dissolves all attachments within four months, whether upon exempt property or otherwise: *In re Ellis*, 1 Bank. Reg. 555; *In re Hambright*, 2 Bank. Reg. 498; *In re Stevens*, 5 Bank. Reg. 298. We think however that the just and fair construction of the act is, as we have given it. As the bankrupt court gets no jurisdiction of the exempt property, it would seem that it should take none over any specific liens upon such property. It may be remarked, that the exempt property in this case is exempt, not as among the articles named in the bankrupt act, but as exempt from seizure under attachment and execution by the state law, and therefore permitted by the bankrupt act to be exempt from its operation. Bump on Bankruptcy, 7th ed., pp. 142 to 147. That which makes this case one *sui generis*, is the fact, that, at the date of the attachment, the property was not exempt from seizure, but was at the time of the commencement of the bankrupt proceedings. The attachment therefore was good, and created a specific lien upon the property attached. *Bullene v. Hiatt*, 12 Kas. 98. It remained the property of the bankrupt, and the bankrupt court, not taking the property, did not disturb the specific lien. Whether, if, after the sale of the attached property, there should remain a balance on the judgment, this balance would be beyond the reach of the bankrupt's discharge, is a matter we need not now inquire. The question may never arise. As the case now stands, we think there was no error in overruling the motion to enter a discharge of the judgment.

The decision of the district court will be affirmed.

All the Justices concurring.