DANIEL B. HIATT v. THOMAS B. BULLENE, *et al.*

HOMESTEAD; *Attachment-Lien, Before Occupancy as Homestead.* Where an order of attachment is levied upon the unoccupied land of a debtor, and afterward the debtor moves upon the land with his family and resides thereon, and occupies the same as a homestead, he does not thereby defeat or destroy the attachment-lien previously existing on the land; but such lien remains thereon, and is prior in right to the homestead lien.

*Error from Wyandotte District Court.*

THIS case grew out of the case of *Bullene v. Hiatt*, reported in 12 Kas. 98. After the decision of this court in the former case, the plaintiff therein, *Bullene*, caused the property previously attached in that action, (and in which he had recovered judgment,) to be sold under such judgment at the sheriff's sale, and the property was bid in by *Bullene*. The sale was confirmed, and a sheriff's deed was issued to the purchaser, who thereupon demanded possession. *Hiatt* refused to surrender possession, whereupon *Bullene* brought this action before a justice of the peace for unlawful detention. The case went to the district court, where *Hiatt* again interposed his homestead right as a defense. The district court, at September Term 1874, found in favor of *Bullene*, and gave judgment in his favor, and *Hiatt* brings the case here.

*I. B. Sharp*, and *D. B. Hiatt*, for plaintiff in error.

*Edward L. Bartlett*, for defendant in error.

*By the Court*, HORTON, C. J.: The question presented in this case, concerning the claim of the plaintiff in error, that the property for which suit was brought is the homestead of said Hiatt, and exempt from attachment-lien, was before the court in July 1873, and decided adversely to him. *Bullene v. Hiatt*, 12 Kas. 98. Within that decision, the judgment of the district court must be affirmed.

VALENTINE, J., concurring.

BREWER, J., not sitting in the case.