No. 26,913.

GEORGE EDWARD SHEHI et al., *Appellees,* v. IVAN WILLIAMSON et al., *Appellees;* KATIE PETERS, *Appellant.*

### SYLLABUS BY THE COURT.

WILLS—*Construction—Estates—Vested Remainder.* A will which devises all the real property of the testator to his wife, to have full control thereof during her lifetime, and directs that after her death all of his estate shall be divided equally between his surviving children, creates a vested remainder in those of his children who are living at the time of his death.

Appeal from Pottawatomie district court; MARTIN A. BENDER, judge. Opinion filed December 11, 1926. Reversed.

*E. C. Brookens, E. S. Francis* and *H. L. Hart,* all of Westmoreland, for the appellant.

*Alvin R. Springer, Walter Reed Gage* and *Charles Hughes,* all of Manhattan, for the appellees.

Wills, 40 Cyc. p. 1651 n. 84; 28 R. C. L. 231 *et seq.*

Shehi v. Williamson.

The opinion of the court was delivered by

MARSHALL, J.: Katie Peters appeals from an order directing the partition of real property in Pottawatomie county and denying her any interest therein.

George W. Shehi, at the time of his death, owned the real property in controversy and by will devised that property as follows:

"1. I give, devise and bequeath to my wife, Harriet J. Shehi all my property both real and personal, after all my debts and the expenses of my last sickness have been paid; she to have full control thereof during her lifetime.

"2. After the death of my wife, Harriet J. Shehi, I direct that all of my estate shall be divided equally, share and share alike, between my surviving children Mary L. Shehi, Charles W. Shehi, Emma J: Shehi, John A. Shehi, George Edward Shehi, Laura Shehi, Archibald Shehi and Grace Shehi."

George W. Shehi died on March 10, 1894, and left surviving him his widow, Harriet J. Shehi, and their eight children, named in subdivision two of the will as above set out. The will was afterward admitted to probate, and Harriet J. Shehi elected to take under the will. Harriet J. Shehi died on March 11, 1925. John A. Shehi, Laura Shehi, Archibald Shehi, and Grace Shehi died after the death of George W. Shehi and before the death of Harriet J. Shehi. John A. Shehi left surviving him Josie Shehi, his widow, and John Shehi, Myrna Shehi, Blanch Shehi, and Helen Shehi, his children, as his heirs, all of whom are now living. Laura Shehi married Cyrus Williamson; he and her child, Ivan Williamson, survived her and are now living. Archibald Shehi died testate and left surviving him his widow, Katie Shehi, and his children, Jane Shehi, Garnett Shehi, Howard Shehi, Geneva Shehi, and Clyde Shehi. The will of Archibald Shehi contained the following provisions:

"I give and bequeath unto my beloved wife Katie Shehi all my personal property and effects wheresoever situated to be hers absolutely. Second, I give and devise unto my said wife Katie Shehi, the one-half of all the real estate I may own at the time of my death wheresoever situated. Third, I give and devise to my five children, Jane, Garnett, Howard, Geneva, and Clyde Shehi, the remaining one-half of my real estate wheresoever situated, to be divided among them share and share alike."

Katie Shehi elected to take under the will of her deceased husband. She afterward married Charles Peters and is the appellant Katie Peters. Grace Shehi married James Guilford and at her death left surviving her as her heirs her husband, James Guilford, and her chil-

dren, Boyce Guilford and Bernard Guilford, all of whom are now living.

The material parts of the findings of fact are as follows:

"The court doth find that by the terms and conditions of the last will and testament of George W. Shehi, deceased, that all of the real estate described in the amended petition was devised and bequeathed to his widow, Harriet J. Shehi, and that she received thereby title in fee simple to said real estate.

"The court further finds that Harriet J. Shehi died intestate on the 11th day of March, 1925, leaving as her sole heirs the persons named and designated hereafter.

"The court doth further find and determine that the heirs-at-law of Harriett J. Shehi duly inherited and received title under the laws of the state of Kansas the real estate described in the amended petition. . . .

"The court doth further find that the defendants, Katie Peters, Josie Shehi, Charles Peters, Cyrus Williamson, Ella Williamson, James Guilford, Gussie Guilford, George McCarger, Josie Shehi as administrator of the estate of John A. Shehi, deceased, John Curl as executor of the estate of Archibald A. Shehi, deceased, Ella Shehi, John Curl, and Bertha Shehi, have no right, title, or interest of any kind or character in and to said real estate."

The court rendered judgment in accordance with those findings, and from that judgment, Katie Peters appeals.

The conclusion of the court that Harriet J. Shehi, under the will, took title in fee simple cannot be sustained because that conclusion is in direct conflict with the terms of the will.

Katie Peters contends that the will of George W. Shehi devised a life estate to Harriet J. Shehi and vested remainder in the eight children of George W. Shehi, who survived him at the time of his death. The appellees contend that, by the will of George W. Shehi, each of his children took a remainder, contingent on surviving Harriet J. Shehi. The will directed that Harriet J. Shehi should receive the real property, to have full control thereof during her lifetime, and that after her death it should be divided equally between the named surviving children. Does that mean surviving George W. Shehi, or surviving Harriet J. Shehi? If it means surviving George W. Shehi, Archibald Shehi took a vested remainder, one-half of which was devised to his wife by his will; if the language means surviving Harriet J. Shehi, Archibald Shehi's interest in the property was terminated by his death.

There is nothing in the will of George W. Shehi to indicate that it was not his intention that title to the property devised to his children should not vest upon his death, subject, however, to the right of

Harriet J. Shehi to control the property during her lifetime, unless it be contained in the language "after the death of my wife my estate shall be divided equally between my surviving children." The language used is "my surviving children," not "my children surviving my wife." The apparent meaning of the phrase "my surviving children" is "my children surviving me." If it had been the intention of George W. Shehi that the property should be divided between those of his children who survived his wife, it would have been an easy matter to have used explicit language to that effect. That was not done.

In 28 R. C. L. § 192 may be found the following language:

"The law favors the vesting of estates, or, as the rule is sometimes stated, the law favors the early vesting of estates, and it is familiar law that, in the absence of a clear manifestation of the intention of the testator to the contrary, estates are held to vest at the earliest possible period. Any doubt as to whether a legacy is vested or contingent is resolved if possible in favor of vesting, if such conclusion can be reached by a fair and reasonable construction of the whole will, and an estate will not be held to be contingent unless very decided terms are used, in the will, or it is necessary so to hold in order to carry out the other provisions or implications of the will."

In 40 Cyc. 1650 the writer says:

"The law favors the vesting of estates, and in the absence of words expressing a clear intent to the contrary, an estate will be construed as vested rather than contingent; and, consistently with testator's intention, the estate will be construed to vest at the earliest possible time, so that, unless otherwise clearly expressed, it will vest immediately upon testator's death."

In *Bunting v. Speek,* 41 Kan. 424, 21 Pac. 288, this court said:

"In a devise to a wife for life, with remainder to the legal heirs of the testator, to create a contingent remainder the intent so to do must be expressed in words so plain that there is no room for construction.

"No remainder will be construed to be contingent which may, consistently with the words used and the intention expressed, be deemed vested." (Syl. ¶¶ 1, 2.)

That rule was recognized by this court in *McLaughlin v. Penny,* 65 Kan. 523, 530, 70 Pac. 341, and *Dixon v. Dixon,* 85 Kan. 379, 381, 116 Pac. 886.

In *Loan & Trust Co. v. Salmon,* 106 Kan. 833, 836, 189 Pac. 941, this court said:

"The rule that in a doubtful case a construction should be preferred favoring an early vesting of a title—a vested rather than a contingent remainder—does not appear to us to be adapted to aid in the situation here presented."

In *Purl v. Purl,* 108 Kan. 673, 675, 197 Pac. 185, the court said:

"A remainder will be regarded as vested rather than contingent, unless such an interpretation would contravene the testator's expressed intention. A devise may vest, although time of enjoyment may be postponed."

Harriet J. Shehi did not take title to the real property in fee; the will of George W. Shehi created a vested remainder in those of his children who were living at the time of his death; Archibald Shehi, who died before the death of Harriet J. Shehi, could by will devise the property that had been devised to him by George W. Shehi; and Katie Peters, under the will of Archibald Shehi, took one-half of all the real property that had been devised to him by his father, George W. Shehi.

The judgment is reversed, and the cause is remanded with instructions to the trial court to render judgment in accordance with this opinion.