No. 27,855.

E. A. CAPLE et al., *Appellees,* v. W. E. WARBURTON, *Appellant.*

(264 Pac. 47.)

SYLLABUS BY THE COURT.

1. WILLS—*Construction—Vested Remainder.* Where a testator devised a life estate in his homestead to his wife, and after her death an estate to his son "during his natural life, and thereafter to his legal heirs," the estate devised to the son is a vested remainder and not a contingent remainder.

2. SAME—*Construction—Vested Remainders Favored.* The rule followed that a remainder will be regarded as vested rather than contingent unless such interpretation would be inconsistent with the testator's expressed intention.

3. SAME—*Construction—When Estate Vested.* An estate may be regarded as vested when there is a present fixed right of future enjoyment.

4. ESTATES—*Remainder—Uncertainty Does Not Affect Property Right.* The uncertainty as to whether the remainderman with a life estate will outlive the present life tenant may affect the value of the estate in remainder but does not affect the right of property in such remainder.

Estates, 21 C. J. p. 979 n. 33. Homesteads, 29 C. J. pp. 846 n. 54, 872 n. 28; 2 A. L. R. 793; 13 R. C. L. 566. Judgments, 34 C. J. pp. 585 n. 90, 593 n. 72. Remainders, 23 R. C. L. 500. Vested, 40 Cyc. p. 198 n. 92. Vested Estate, 40 Cyc. p. 198 n. 93. Wills, 40 Cyc. pp. 1648 n. 71, 1665 n. 8; 28 R. C. L. 232.

5. Judgments — *Lien of Judgment — When Effective on Remainder Interest.*
Where judgments were rendered against a son, who was a married man with
a family, and thereafter, before they became barred, the father died leaving
him a life estate in the home place subsequent to a life estate in his mother,
the judgments became a lien on his interest in such real property im-
mediately upon the death of the father and the probate of his will.

6. Homesteads—*Property Constituting—Estate in Remainder.* An estate in re-
mainder, whether vested or contingent, will not support a claim of home-
stead exemption until the termination of the prior estate.

7. Same—*Priority Between Judgment Lien and Homestead—Date of Judgment
Controls.* In determining the right of priority between a judgment creditor
and a homestead right, the date of the judgment becoming a lien controls
rather than the date of levy of execution.

Appeal from Jewell district court; William R. Mitchell, judge. Opinion
filed February 11, 1928. Affirmed.

*J. F. Finch, A. G. Mead,* both of Beloit, and *David Ritchie,* of Salina, for
the appellant.

*Frank A. Lutz* and *A. E. Jordan,* both of Beloit, for the appellees.

The opinion of the court was delivered by

Hutchison, J.:   The appellant in this action alleges error in
sustaining a motion of the judgment creditors to confirm a sheriff's
sale of his interest in real estate devised to him by his father, and
in overruling his motion to set aside the sheriff's sale, for the reason
that the sale was invalid because his interest was a contingent and
not a vested remainder, and also because the land was occupied as a
homestead by him and his family at the time of the sale. The case
was tried upon an agreed statement of facts, and these two law points
are the only questions involved.

Two judgments were rendered against the appellant in 1920 and
1921 in Jewell county, Kansas. The appellant's father owned land
in Jewell county which he occupied as a homestead, and died while
residing thereon November 23, 1925, leaving a will which contained
the following paragraphs:

"*Item 2.* It is my will and I hereby devise and bequeath to my beloved
wife, Minerva B. Warburton, all my property, real, personal or mixed, wher-
ever situated, of which I may die possessed, to have the entire control and use
thereof during her natural life.

"After the death of my wife it is my will that all my remaining property
be disposed of as follows:

"*Item 3.* I give, devise and bequeath to my son, Ward E. Warburton, the

southwest quarter of section thirty-two (32), township five (5) south, of range seven (7), west of the sixth principal meridian in Jewell county, Kansas, to have the entire control and use thereof during his natural life and thereafter to his legal heirs."

The will was admitted to probate December 3, 1925. The appellant, who, with his family, consisting of a wife and three children, had been residing in an adjoining county, moved to and established his residence on the land described in the will on January 18, 1926, while his mother, the wife of the testator, was still living thereon. Execution was issued on both judgments in the month of May, 1926, and the interest of the appellant in the above-described land was sold by the sheriff under such executions June 19, 1926. The cases were consolidated by agreement for the hearing of the motions and appeal.

Although the question of homestead rights was presented first in the brief of the appellant, there are reasons why it might be best to determine first what kind of an estate the appellant acquired under his father's will. The appellant contends that the devise to him was only a contingent remainder which would not ripen into a vested interest during the life of his mother, and it was not such an estate that he could convey, nor could it be reached by execution or other process, and in support of such position cites *Purl v. Purl*, 108 Kan. 673, 197 Pac. 185, *McCartney v. Robbins*, 114 Kan. 141, 217 Pac. 311, and a number of decisions in other states. The two Kansas cases are readily distinguishable from the case at bar.

In the case of *Purl v. Purl*, supra, the will gave the land to his son "to have during his life, and at his death it goes to his children, if he has any living; if not, it goes to his brothers and sisters or their heirs," and in that case the remainder was held to be contingent until the death of the life tenant.

In the case of *McCartney v. Robbins*, supra, the will devised land for life, remainder to the life tenant's heirs, and the remainder was there held to be contingent because it was impossible to determine who the heirs might be until the death of the life tenant. The wife, who brought the action, it was said, might during the life estate be divorced or might not survive her husband, and in that case a second wife might be the heir instead of the present wife. The rule is that if there is any doubt as to whether a remainder is contingent or vested the latter is always favored.

"No remainder will be construed to be contingent which may, consistently

with the words used and the intention expressed, be deemed vested." (*Bunting v. Speek*, 41 Kan. 424, syl. ¶ 2, 21 Pac. 288. See, also, *Loan & Trust Co. v. Salmon*, 106 Kan. 833, 198 Pac. 941.)

"A remainder will be regarded as vested rather than contingent, unless such an interpretation would contravene the testator's expressed intention. A devise may vest, although time of enjoyment may be postponed." (*Purl v. Purl*, supra, p. 675.)

The distinction between vested and contingent remainders is given in a note in 40 Cyc. 198 as follows:

"It is not the uncertainty of enjoyment in the future, but the uncertainty of the right of that enjoyment, which marks the difference between a vested and contingent interest.

·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·

"An estate is vested when there is an immediate right of present enjoyment or a present fixed right of future enjoyment."

"A will which devises all real property of the testator to his wife, to have full control thereof during her lifetime, and directs that after her death all of his estate shall be divided equally between his surviving children, creates a vested remainder in those of his children who are living at the time of his death." (*Shehi v. Williamson*, 122 Kan. 118, syl., 250 Pac. 1075.)

". . . Vested estates in remainder, as used herein, shall include all estates where the remainderman, being alive, would take at once if the life tenant were to die." (R. S. 79-1504.)

"Under the circumstances outlined in paragraph two of the syllabus, the sons of the testator have a present right or interest in the property bequeathed, although their enjoyment thereof is postponed until their mother's death, and such right or interest of each son (not being exempt property) will pass to a trustee in bankruptcy as part of a bankrupt son's estate.

"The certainty that a right of property is vested in a definitely ascertained person, not the value of that right nor the time when it may be enjoyed, determines the question whether that right is an asset of which a court may make judicial disposition." (*Markham v. Waterman*, 105 Kan. 93 syl. ¶¶ 3, 4, 181 Pac. 621.)

We see no room for doubt under the provision of the will in this case as to the remainder in the appellant being a vested remainder after the life estate of his mother, and the fact that such remainder is only a life estate makes it none the less a vested remainder, awaiting only the one event which of necessity must come sooner or later, viz., the death of his mother. It is a present existing estate with a deferred or future enjoyment.

"The word 'land' and the phrases 'real estate' and 'real property' include lands, tenements and hereditaments, and all rights thereto and interest therein, equitable as well as legal." (R. S. 77-201, subdiv. 8th.)

Such estate is subject to the lien of a judgment for debts of the devisee.

"Lands, tenements, goods and chattels, not exempt by law, shall be subject to the payment of debts, and shall be liable to be taken on execution and sold, as hereinafter provided." (R. S. 60-3403.)

"Judgments of courts of records of this state . . . shall be liens on the real estate of the debtor within the county in which the judgment is rendered, from the first day of the term at which the judgment is rendered. . . ." (R. S. 60-3126.)

A judgment becomes a lien on the vested interest of the judgment debtor, a remainderman, immediately upon the death of the testator devising such remainder.

"A judgment was recovered in Morris county against the devisee, April 7, 1910. The testator died, and his will giving the devisee an interest in certain land in the same county was probated May 16, 1911. Executions on the judgment were issued January 6, 1915, and later, March 13, 1916, levy was made on the devisee's interest in the land. April 25, 1916, the sheriff began to advertise a sale, to enjoin which this suit was begun. April 24, 1916, the devisee filed a disclaimer. *Held*, that the judgment had already been for years a lien on his interest which by lapse of time and nonaction he is presumed to have accepted." (*Strom v. Wood*, 100 Kan. 556, syl. ¶ 4, 164 Pac. 1100.)

The appellant contends there is nothing to sell because the remainderman may die before his mother, and in that case the purchaser would get nothing. That would be the purchaser's misfortune, and it may have considerable to do with the value of the estate so purchased, but as said in the case of *Markham v. Waterman*, supra, it is not the value of the right or the time when it is to be enjoyed that determines the right of the court to make a judicial disposition of the asset. The appellant had a vested estate in remainder upon the death of his father and the probating of his will, and it was subject to the lien of the judgments of record against him in the county where the land was located, and such estate, regardless of when it could be enjoyed, can be sold on execution to satisfy such judgments. In this case the testator died November 23, 1925, and the will was probated December 3, 1925. The widow continued to reside on the farm, and the appellant moved his family on the land in question January 18, 1926. Can he under such circumstances claim a homestead exemption of his remainder? We think not. The remainder is not now capable of supporting a homestead interest, and, if it were, the lien of the judgments would have attached prior to his attempt to make the land his homestead.

Caple v. Warburton.

"By the weight of authority future estates, whether vested or contingent, will not support a claim of homestead exemption." (29 C. J. 846.)

"A son, living with his widowed mother upon land which she claimed as her homestead, was precluded from asserting a homestead interest in the same land which she claimed as a homestead, for one claiming merely an interest in remainder is without any right to possession necessary to found a claim of homestead." (*Massillon Engine & Thresher Co. v. Barrow,* [Tex.] 231 S. W. 368, syl. ¶ 1.)

"For the reason, however, that land held in remainder dependent on a life estate in another is not susceptible of that immediate occupancy which is contemplated by law in order to constitute a homestead, the rule is that an estate in remainder cannot constitute a homestead." (13 R. C. L. 570.)

It is not the time of the sale under execution that controls as to a homestead right, but the time when the judgment became a lien.

"Where a judgment for money is rendered in the district court against a person who owns real estate within the county, and such real estate is not the homestead or any part thereof of the owner, a judgment lien attaches to such real estate, and under and by virtue of such judgment lien, such real estate may be levied upon and sold under an execution issued on such judgment, although at the time of such levy and sale the property may be occupied as the homestead of the owner." (*Ashton v. Ingle,* 20 Kan. 670, syl. ¶ 1.)

In the opinion the court said:

"The judgment lien in such a case would be paramount, and the homestead right or interest would be subordinate and inferior thereto. (*Bullene v. Hiatt,* 12 Kan. 98; *Robinson v. Wilson,* 15 Kan. 595; *Hiatt v. Bullene,* ante, p. 557.) And under and by virtue of said judgment lien the property may be levied upon and sold under an execution issued on such judgment, although at the time of the levy and sale the property may be occupied as a homestead of the owners." (p. 675.)

It was held in the case of *Soloman Nat'l Bank v. Birch,* 121 Kan. 334, 246 Pac. 1007, that the interests of adult sons living elsewhere were not exempt from sale for their own debts. See, also, *Poole v. French,* 71 Kan. 391, 80 Pac. 997.

We conclude that the appellant cannot support a homestead exemption on his estate in remainder during the life of the life tenant, and even if he could his delay in attempting to occupy the premises would defeat such claim as against the lien of the judgment, which began when the estate in the appellant vested, which was several weeks prior to his moving his family on the premises.

The judgment is affirmed.